### Nancy F. Conwill v. Gulf, Colorado & Santa Fe Railway Company.

#### No. 7169.

1. **Duty Owing by Railway Company to Passenger.**—A passenger was carried beyond her point of destination. The train was stopped, and the conductor proposed backing to the platform, but the passenger declined, and stated that she preferred getting off at the place the train then was. She was assisted from the train, and while alighting was injured. In suit for damages, *held*, that by so doing she changed the character and extent of the obligation upon the carrier. There being evidence to such change, it was proper to instruct the jury to find for the defendant, " if you find from the evidence that after having carried plaintiff past the platform, the conductor stopped the train and offered

to carry her back to the platform, and that plaintiff thereupon requested to be allowed to get off where she did get off, and that the conductor used ordinary care in assisting her to get off."

2. Charge.—Charge commended, in charging upon the effect of the testimony introduced by plaintiff, if believed, and the converse of the proposition supported by testimony in behalf of the defendant.

3. Abstract Principles in Charge.—It was complained that the court instructed the jury: "It is the duty of railway companies in transporting their passengers to use a high degree of care to protect them from being injured, but they are not required to insure their safety, and it is the duty of a passenger himself to use reasonable care to prevent his own injury." See facts where such charge was pertinent, or at most harmless.

4. Motion for New Trial — Newly Discovered Testimony. — See motion for new trial on grounds of alleged newly discovered testimony, which on its face is held to show that the testimony was known to plaintiff before the trial, and no reason shown for not producing it.

5. Same—Diligence.—Motion for new trial was overruled, and notice of appeal given November 13. On November 15 an amended motion for new trial was filed, based upon the contents of depositions filed by the defendant on November 9. *Held*, that the action of the trial court in striking out said amended motion was not error. But the action on the merits does not require that it be revised.

APPEAL from Lamar.   Tried below before Hon. E. D. McCLELLAN.

*Hale & Hale*, for appellant.—1. Offering to back the train to the platform and using ordinary care in assisting appellant to alight, will not necessarily exonerate appellee from liability, even though appellant requested to be allowed to be put off where she was, and it was error to so charge the jury, in the absence of any plea of contributory negligence, and in the absence of any charge on either " contributory negligence " or " proximate cause."   Railway v. Cooper, 70 Texas, 67; Railway v. Gasscamp, 69 Texas, 547; Railway v. Murphy, 46 Texas, 364; Railway v. Hill, 71 Texas, 459; Railway v. Moore, 69 Texas, 160; Railway v. Ormond, 64 Texas, 489; Railway v. Weisnen, 65 Texas, 447; Railway v. Dorough, 72 Texas, 111; Railway v. Gorbett, 49 Texas, 581; Ins. Co. v. Boon, 95 U. S., 130; Laplenie v. Steamboat Co., 37 Am. and Eng. Ry. Cases, 350.

2. It is error to repeat the same proposition in different forms in the court's charge, and to do so lays too much stress upon the particular point, and is a suggestion of the court's opinion as to the sufficiency and weight of the evidence to entitle plaintiff to recover.

3. The abstract proposition of law, that railway companies are not insurers of the safety of their passengers, has no application to this case, nor was any issue of that kind made in the pleading, nor was there any evidence upon which to predicate the charge, and it was calculated to mislead the jury.

*J. W. Terry*, for appellee. — The rule of law requiring a common carrier of passengers to exercise the highest degree of skill and human diligence, applies only where the passenger is being carried passively and trusting himself entirely to the control and care of the carrier, and does not apply to the care required to be exercised by the carrier in the discharge of passengers from the train after the same has come to a stop, where the injury, if any, is attended by the passenger's own will or movement, under which circumstances ordinary care is the standard of liability; hence, the court was correct in requiring of the conductor ordinary care under the circumstances in .assisting the plaintiff from the train. Thomp. on Carr. of Pass., 104, 209, 214; Railway v. Marion, 27 Am. and Eng. Ry. Cases, 132; Railway v. Peters, 30 Ind, 168; Railway v. Shires, 18 Ohio St., 255.

TARLTON, JUDGE, *Section B.*—This suit was instituted in the District Court of Lamar County, by appellant, against appellee, to recover the sum of $15,000 damages for personal injuries inflicted upon appellant, ascribed to the negligence of appellee, its agents, and employes.

The plaintiff alleged, that on September 15, 1888, she was a passenger on one of the passenger coaches of defendant, traveling from Dallas, Texas, to Ambia, in Lamar County. That on reaching Ambia, the point of her destination, the train going in a northerly direction was moved from the main track onto a switch, where it remained a few minutes until the south-bound train from Paris passed; that while the train was on the sidetrack there was no safe place for passengers to alight; that after the south-bound train passed, that on which plaintiff was returned to the main track, and moving forward, passed by the depot and platform, without giving her an opportunity to alight; that though she requested the conductor to stop the train at the platform that she might alight, it passed on for about the distance of 400 yards beyond the north end of the switch. Here it stopped, and the conductor commanded her to get off, and to be in a hurry; that she requested him to back the train to the platform, but he declined; whereupon, at his earnest command, she reached down, placed her hands on his shoulders, and jumped down, spraining, breaking, and permanently injuring her ankle; that when she reached the ground, the conductor stepped on the great toe of her right foot, and so mashed it that the nail came off, causing her to suffer great pain; that in a suffering and crippled condition she was compelled to walk to her home, about three-fourths of a mile distant.

The defendant, after pleading a general denial, answered specially, "that the conductor in charge of the defendant's train, after having passed beyond the station and platform, proposed to plaintiff that he would back the train to the platform, but that the plaintiff insisted on getting off where the train then was, whereupon the conductor carefully

and gently assisted plaintiff to alight therefrom, and she sustained no injury whatever as declared upon.''

The trial resulted in a verdict and judgment for the defendant, and the plaintiff prosecutes this appeal.

Evidence introduced by the plaintiff indicates that the defendant company carried the plaintiff beyond the platform on which passengers were to alight; that when this fact was discovered, the plaintiff requested him to return to the platform, that she might leave the cars in safety; that the conductor, so far from granting her request, stopped the train at a point several hundred yards beyond the platform and commanded her to alight; and that in obeying this command she received the injuries complained of.

Evidence introduced by the defendant indicates, that when, at the point referred to, the conductor discovered that the plaintiff was still on the train, he stopped the cars and offered to return to the platform that the plaintiff might alight; that the plaintiff declined to return, saying that she would prefer to get off where the train then was, and that the conductor thereupon gently and carefully assisted her to alight.

Such being the state of the evidence, the court, among other things, instructed the jury as follows:

'' Second.   If you believe from the evidence that the defendant, while carrying plaintiff as one of its passengers on one of its trains from Dallas to Ambia, carried her past the platform prepared for passengers to alight upon, and that after having done so. the conductor stopped the train and failed or refused to back the same to the station platform, and ordered or requested the plaintiff to get off, and failed to furnish safe means for her to get off, and that by getting off at said place she was thereby injured as alleged, then you will find a verdict for plaintiff for such actual damages as the evidence may show her to have sustained by reason of such injury.

'' Third.   If you believe from the evidence that after having carried plaintiff past the platform, the conductor stopped the train and offered to carry her back to the platform, and that plaintiff thereupon requested to be allowed to get off where she did get off, and that the conductor used ordinary care in assisting her to get off, then you will find a verdict for the defendant.''

It will be observed that the foregoing charges are adapted to the phases of the evidence as presented by the plaintiff and defendant respectively.

It is insisted, however, by the appellant's counsel, that the third instruction set out is erroneous.   The complaint, in substance, is, that the charge is addressed to the defense of contributory negligence, and that the court erroneously assumed in the instruction, as matter of law, that the facts therein submitted to the determination of the jury constitute contributory negligence.   Numerous authorities are cited in support of the proposition that the question of contributory negligence is, as a general rule, a ques-

tion of fact for the jury.    We do not, however, agree with counsel for appellant, that the defense relied upon in this case, and submitted in the charge complained of, is purely the defense of contributory negligence. It includes the idea of contributory negligence; but it involves more.

The contract of the defendant company was to stop at the platform of the depot at Ambia, that the plaintiff, its passenger, might there alight. It failed in the first instance to comply with this contract.    When its conductor discovered the failure, he proffered, in accordance with the obligation of the defendant, to return to the platform.    According to the evidence of the defendant, the plaintiff waived a compliance with the contract, and requested, in consideration presumably of greater convenience to herself, to be put off at a different place than that originally contracted for.    She thus changed the character or extent of the obligation resting upon the defendant.    She substituted a place for its performance.    Her choice may have involved negligence on her part, but it also involved a change in the original obligation of the defendant.    This change, brought about by her, would preclude her from recovery, unless, indeed, the defendant was guilty of negligence in the discharge of the new obligation. In this connection, the court left the jury to determine the question of ordinary care on the part of the company.

We are of the opinion that the rule relied upon by appellant, and the authorities supporting it, do not here apply, and that the charge was correct.

There was evidence for the plaintiff tending to show that the plaintiff was injured in leaving the train.    On the other hand, the evidence for the defendant tended to show that the plaintiff was in no way hurt in alighting from the cars, but that she was subsequently injured in mounting a ladder at the barn connected with her home.

The court, in its second instruction, already quoted, charged the jury, that if the plaintiff was injured in getting off, they should find such actual damages as the evidence may show her to have sustained.    Thereafter, in its fourth charge, the court instructed them as follows:

"Fourth.    Unless you find that plaintiff received some of the injuries alleged in her petition in getting off the train, you will find for the defendant, no matter what the other facts may be."

Appellant complains of this charge, on the ground, that "it repeated and laid too much stress upon whether plaintiff got hurt at all in getting off the train; and if she did not, she could not recover, no matter what the other facts may be;" and that it "is a strong suggestion to the jury as to the facts and weight of the evidence on that point."

The second paragraph of the court's charge embraced a proposition favorable to the plaintiff, and in respect to the requirements of the evidence introduced by the plaintiff.    The fourth paragraph announced the converse of that proposition, conformably to evidence on the same point

introduced by the defendant. We think this method of instruction commendable. The objection to the charge impresses us as being hyper-critical.

Another paragraph of the court's charge is as follows:

"It is the duty of railway companies in transporting their passengers to use a high degree of care to prevent them from being injured, but they are not required to insure their safety, and it is the duty of a passenger himself to use reasonable care to prevent his own injury."

Appellant insists that the proposition announced in this paragraph, viz., "railway companies are not insurers of the safety of their passengers," is incorrect; that it is an abstraction, "not called for by the issues and evidence in the case."

This is a suit by a passenger against a carrier for injuries. The issue involved necessarily the relation and attitude borne by the one to the other. There was evidence showing that the occasion of the injuries, if any, which were inflicted upon the appellant, was accepted, if not sought and insisted upon, by her. We are not, therefore, prepared to say that the proposition complained of is irrelevant. If, however, it be regarded as an abstraction, it does not appear that, read in connection with the entire paragraph, it was prejudicial to the appellant.

It is next insisted that a new trial should have been granted on the ground of certain alleged newly discovered evidence. This evidence is set out in the affidavits of two witnesses whose testimony is desired, viz., James Cason and R. L. Smith. The statement of the former has reference to the condition in which he found appellant's ankle at her home the day after her arrival at Ambia, and to a conversation with her about the injury. Both the appellant and her son J. D. Conwill had testified on this subject. This evidence was thus cumulative. Besides, if true, it was known to the plaintiff on the day after the injury was inflicted, and no diligence whatever was used to secure it on the trial.

The statement of Smith was of like tenor, and was to the further purport, that he was on the train on the occasion in question, and heard the conductor order the appellant to get off the cars at the place where he had stopped the train. The plaintiff herself had testified, that there was but one man in the car at the time, and that she "told the man to notify the conductor that they had carried her past her station." It hence follows, that if the statement of the appellant and that of Smith be true, the latter was the man on the car accosted by the appellant. His statement indicates that he was personally known to the plaintiff, because he therein refers to a conversation had by him with her at her home two days after the occurrence. There was a similar want of diligence to procure the evidence of Smith. The statement of the latter is further to the effect, that he had a conversation with one Martin, an important witness for the

defendant, in which Martin made a statement contrary to the statement made by him in court.

A new trial will not be granted on the ground of newly discovered evidence unless it is made to appear that it has come to the knowledge of the applicant since the trial; that it could not have been sooner discovered by the exercise of diligence; that it is not merely cumulative; that it is not for the purpose of impeachment. Sayles' Civ. Stats., art. 1368, note 10, and the numerous authorities there cited. The application complies with few, if any, of these conditions.

The appellant further complains that she was surprised by the testimony introduced by the defendant, showing that she was not injured at the time and place referred to. The defense of noninjury was specifically pleaded; and the plaintiff having gone to trial confronted by the plea, must be held to have had notice of the facts relied upon to defeat her action. Such is the object of pleading.

The deposition of a witness, C. C. Morgan, the conductor of defendant, was filed in court November 9, 1889. On November 13 the application above referred to was overruled and notice of appeal was given. On November 15 an additional motion for a new trial was filed, on the ground, substantially, that the testimony of Morgan conflicted with that introduced by the defendant on the trial, and that the deposition was not seen by plaintiff or her counsel until after action on the original motion. This additional application was stricken out, on motion of the defendant that it came too late, and complaint is made of this action of the court.

It appears that Morgan testified in this deposition that he had but one conversation with the plaintiff on the occasion referred to, and in this conversation it does not appear that there was any offer by him to return to the platform with appellant, after having passed it. Whence it is argued that no such offer was made, or Morgan would have testified to it. This testimony appears to us to be of a purely negative character. It may be that the witness' attention was not drawn to any special feature of the conversation, and that what actually occurred was thus overlooked. Besides, no reason is advanced why the deposition was not seen by plaintiff's counsel at an earlier date. It had been on file four days when the original motion was overruled. The plaintiff had reason to expect it, from the fact that she was presumably served with notice that it would be taken.

The court had the power to set aside the judgment, even after having overruled an application for a new trial; but the exercise of this power is confided to its sound discretion. We are not at liberty to revise it, unless there appear to have been an abuse of this discretion.

We recommend that the judgment be affirmed.

*Affirmed.*

Adopted May 31, 1892.