### R. T. H. CHAMBERS v. ELIZABETH KER ET AL.

#### No. 301.

1. **Waiver—Demurrers not Acted Upon.**—The record not showing that demurrers insisted upon on appeal were called to the attention of the trial court, it will be held that appellant waived the demurrers.

2. **Widow may Sue to Recover Community Property.**—Where it does not appear that there is any necessity for an administration, and there is none, the widow alone may maintain an action to recover the community property or its value, without joining children of the deceased husband.

3. **Arbitration—Agreement by Minors.**—An agreement to arbitrate by minors, followed by an arbitration, is not void; it at most is only voidable.

4. **Attack Upon Arbitration.**—Action by minors upon an arbitration and award in their favor against the de'endant. *Held*, that while the minor elects to treat the contract as valid, the adult defendant, the other contracting party, will be held bound by it, and he can not urge the minority of the other in order to defeat it.

5. **Case Adhered to—Suit by Next Friend.**—Hays v. Hays, 66 Texas, 607, adhered to. Under Revised Statutes a minor may sue by next friend.

6. **Surprise—Prompt Action.**—A party surprised by the unexpected testimony of a witness on the trial must call attention to the matter at once, by motion to postpone or continue the case.

7. **Suit on an Award—Defense.**—When suit is brought upon an award, and the defendant seeks to attack it on ground of fraud or mistake, or other reasons, he must plead such defenses; otherwise, the facts or items acted upon in the arbitration can not be considered.

APPEAL from McLennan. Tried below before Hon. L. W. GOODRICH.

*T. B. Cox* and *Baker & Prendergast*, for appellant.—1. Plaintiffs' allegations were inconsistent and repugnant, and the petition was defective

on its face, because it did not show that four years had expired since the death of the plaintiffs' intestate, or that his estate had been administered upon, or that there were no existing unsatisfied debts against said estate, any one of which facts, if true, ought to have defeated the plaintiffs of their right to maintain their action against the defendant.   Rev. Stats., art. 1265; Hillebrandt v. Booth, 7 Texas, 499; Lacy v. Williams, 8 Texas, 185; Webster v. Willis' Heirs, 56 Texas, 472; Giddings v. Steele, 28 Texas, 748; 2 Texas, 184.

2. If proof of the facts sworn to in defendant's plea in abatement were required, he had the legal right to offer it, which was not permitted by the court.   But the truth of the.defendant's said plea was manifest from plaintiffs' petition; and no exception being presented and acted on by the court, the same was waived, and the defendant's plea should have been taken as true and sustained.   But if the truth of the facts alleged in said plea were not manifest from plaintiffs' pleadings, the defendant was entitled to the opportunity to establish them by evidence, if proof of them were needed.   Hooker v. Williamson, 60 Texas, 525; Rev. Stats., art. 1265; Williams v. Bailes, 9 Texas, 61; 1 W. & W. C. C., sec. 1039; 3 Willson's C. C., sec. 9.

3. Where heirs at law bring suit for an estate, they must show the conditions that are the prerequisite of their right to sue, and in default thereof the plea in abatement is sufficient answer to the petition, and should be sustained.   In this case the allegations of the petition were insufficient to show the right of action; and the defendant's plea in abatement being before the court for its action, and none other then and there being brought to the attention of the court, it was error to refuse to sustain the same.   Sayles & Bassett's Plead., sec. 596, and authorities; Gould's Plead., ch. 10, secs. 44–46; Snow v. Walker, 42 Texas, 154.

*W. H. Lessing*, *R. W. Andrews*, and *H. C. Lindsey*, for appellees.

1. An agreement by a person sui juris with a minor to submit to arbitration matters in controversy between them is not void, and is only voidable at the instance of the minor; and even the minor will be compelled to do equity before he can avoid it.   Such an agreement by a minor is tested by and stands upon the general rule of construction of contracts by and with minors.   Morse on Arbit. and Award, p. 4, and notes; 1 W. & W. C. C., secs. 1203, 1204; 6 Laws. Rights, Rem., and Prac., sec. 3301; Handy v. Cobb, 44 Miss., 699; Britton v. Williams, 6 Murf., 453; Baker v. Lovett, 4 Am. Dec., 88; 10 Am. and Eng. Encycl. of Law, 637, note 2.

2. If such an agreement, however, should be voidable at the instance of the adult as well as the minor, then it was not fundamental error in the court below to treat the agreement as valid even on general demurrer. It was the duty of the appellant to raise this issue in the court below by

appropriate pleading, and to offer proof in avoidance of the same. Not having done so, he can not be heard on such an issue made for the first time in this court.

3. The minor children were not necessary parties to the agreement to arbitrate, nor were they necessary plaintiffs in this suit. Their mother being survivor of the community of their parents, and lawfully entitled to demand, sue for, and reduce to possession the community estate, and being sui juris, and having agreed to abide by the decision of the arbitrator, and having by this suit fully ratified the same, the agreement to arbitrate was lawfully consummated, and the appellant will be in all things fully protected thereby. Morse on Arbit. and Award, 12–14.

4. All matters, questions, and differences which are submitted to arbitration under an agreement for the purpose are fully and conclusively settled by such arbitration and the award thereon. And if the agreement to submit to arbitration as pleaded is not assailed by appropriate pleadings in avoidance, and if there is evidence to support each agreement, the verdict of the jury finding on the award is conclusive, and supports the judgment. Tucker v. Pope, 69 Ill., 179; 6 Wait's Act. and Def., sec. 519, et seq.; Buckland v. Conway, 16 Mass., 396; Wilkes v. Buck, East., 142; Schoff v. Bloomfield, 8 Vt., 472.

FISHER, CHIEF JUSTICE.—On the 17th day of November, 1890, appellees filed their first amended original petition, upon which, together with their other pleadings, subsequently filed, this cause was tried. In said amended petition appellee Elizabeth Ker sues for herself and as next friend for her two minor children, being joined as plaintiff by three other children who are adults, two of the latter being married and joined herein by their husbands.

The cause was tried before a jury, and resulted in a verdict for plaintiffs, under the award, for $3446.34.

*Findings of Fact.*—In reducing our findings of fact to writing, this court only finds on such issues as we think are important to be considered in reaching a final conclusion as to the proper disposition of this case. The findings are as follows:

1. That the appellant and Edmond Ker entered into the copartnership contract set out by the appellees in their petition.

2. That they continued in the business, as alleged by the appellees, until in December, 1887, when there was an understanding between the partners looking to a dissolution of the firm.

3. It is a fair conclusion to be drawn from the evidence that Ker was insane, and mentally incapacitated from making a valid contract of dissolution in December, 1887.

4. That after said pretended dissolution, the appellant continued in

the exclusive control of the assets of the firm and the management of the business, and that the copartnership, by the terms of the contract, was dissolved July 15, 1888.

5. Soon after Ker retired from active participation in the firm business he was adjudged a lunatic, and he died in November, 1889.

6. He left surviving, as his wife, Elizabeth Ker, and the children named in the appellees' petition, two of whom were minors when this suit was brought and tried.

7. The interest of Ker in the partnership property and assets was of the community estate to himself and wife, Elizabeth Ker.

8. At the time this suit was brought and judgment rendered there was no administration on the estate of Edmond Ker, and from all the facts in the record it does not appear that there was any necessity for any such administration.

9. We find that the appellant and the appellees, through their attorneys, who were authorized to that extent, for a valuable consideration, entered into a verbal agreement, before this suit was filed, to submit the matters in dispute between the parties to the settlement and the arbitration as pleaded by the appellees, and that the said Frank Cravens was mutually agreed upon by the parties as the arbitrator between them, and that he did, from the books of the partnership and from the books of the appellant, fairly make and arrive at a settlement of said partnership matters, and that he from said investigation found that appellant was due the appellees the sum of $3446.34.

10. We find that Cravens, in reaching this result, included about one-half of the profits of said business after the month of December, 1887, and up to the 15th of July, 1888.

11. We find that the appellant agreed to be bound by the result and finding that may be made by Cravens.

12. We find that from the agreement to arbitrate and the finding by the arbitrator, Cravens, the appellant is bound and liable to the appellees in the sum so ascertained and found by Cravens.

*Opinion.*—The record does not show that the demurrers now insisted on in this court by the appellant were called to the attention of the trial court and were there ruled upon. The record being in this condition, it will be held that the appellant waived the demurrers.

Appellant also complains of the refusal of the court to pass upon his plea in abatement, and that it erred in striking it out without hearing evidence under it.

The record does not sustain the appellant in this contention. It appears from the judgment of the court, that it fully heard the plea in abatement and the argument of counsel, and that it was acted upon. The burden was upon the appellant to establish the facts alleged in his plea in abate-

ment, and if it can be urged that this objection is broad enough to question the correctness of the judgment of the court in overruling the plea on account of not being warranted by the facts, then we can not determine, from the state of the record, that the court did not have before it evidence of facts sufficient to authorize it to render judgment against the appellant on the plea.

And in this connection, it is well to consider another question necessary to be determined in the disposition of this case, and that is, whether the appellees may maintain this suit, there being no administration on the estate of Ker, deceased, and whether the judgment obtained in this cause and the agreement to arbitrate the differences of the parties could be legally made on account of the fact of two of the plaintiffs being minors.

The pleadings of the appellee and the evidence tend to show that the interest of Ker in the partnership property of the firm of Ker & Chambers was of the community estate of himself and his wife, appellee Elizabeth Ker. The evidence and pleadings also show that there was no administration on the estate of Ker, and the evidence fails to show that there was any necessity for administration.

Under such a state of case, it is held in Walker v. Abercrombie, 61 Texas, 69, that the wife may alone, without joining with the children of the husband, maintain an action to recover the community property or its value.

The principle announced in that case governs the one before us. If Mrs. Ker may maintain this action without joining with her the children of herself and deceased husband, we think it is equally permissible for her to enter into an agreement to arbitrate with one owing the estate, so as to legally bind the community interest. In such arbitration proceedings, or in a suit, the minor children would not be necessary parties, and she could, to the extent of the community estate, act alone in the matter. If this is the case, then the recovery, although in favor of all of the appellees, may be justified upon the ground that as it was legal for Mrs. Ker to enter into the agreement of arbitration, and as she could alone sue, the agreement and judgment will be held valid as to all of the parties beneficially interested in the community property.

There are other views of the question that may place the appellant in such an attitute as will preclude him from now questioning the validity of the agreement to arbitrate and the judgment of the court below on account of the minority of some of the children of Mr. and Mrs. Ker.

The agreement to arbitrate and the judgment rendered in favor of the minors, especially when it is beneficial to them, will not because of their minority be declared void, but at most it is only voidable. And for this reason the appellant, if he was relying upon the want of authority to make such arbitration or bring the suit so as to bind the minors, should have raised the question or interposed this defense in the court below, if

he under any circumstances would be permitted to urge it. This he failed to do. The plaintiffs declared upon the agreement to submit the matter to arbitration, and to this the appellant made no reply, except to deny the agreement. No demurrer was called to the attention of the court questioning the sufficiency of the plaintiffs' petition in this respect, nor was any averment made by the appellant alleging the fact that the agreement to arbitrate was not binding upon him, and that it was made without authority and under such circumstances as not to bind the minor.

It is fairly apparent that the attorneys of the appellees who entered into the contract with the appellant to submit the matter to arbitration had authority from all of the appellees to enter into the engagement; and this being the case, even if the appellant had by pleadings attacked the arbitration as not binding on the minors, we do not think he would have been permitted to rely upon the minority of the minors to defeat the contract of arbitration and the award made; because the authority of the attorneys to so act in the matter and the contract of arbitration they made with appellant were not void, and at most were only voidable at the election of the minors. The appellant would not be permitted to urge the minority in order to relieve himself of obligations under the agreement to arbitrate. The law in such cases is, that while the minor elects to treat the contract as valid, the adult, the other contracting party, will be held bound by it, and he can not urge the minority of the other in order to defeat it.

So far as the judgment is concerned with reference to its being rendered in favor of the minors, we think it may rest upon the case of Hays v. Hays, 66 Texas, 607. There it is held, that under the present Revised Statutes a minor may sue by next friend. The minors in this case, so far as their interest is concerned, sued by their mother, Mrs. Ker, as next friend.

In answer to appellant's seventh assignment of error, we think that the charge of the court fully and fairly presented to the jury the issues in the case and the rules of law that should govern them.

There is no merit in the assignment of error that claims surprise at the testimony of witness Mettenheimer. It seems that he was a witness for appellant, and upon the trial did not testify as was expected by appellant he would. No surprise was then claimed, nor was any motion or request made to the court for a continuance, nor was the matter at that time in any manner called to the attention of the court, so far as appears from the record, but it was only presented to the court in a motion for new trial. This was too late. The appellant, if he deemed that he was misled, should not only have seasonably discovered that he was surprised, but should also have seasonably made it known.

The view that we take of the case leaves it unnecessary for us to discuss in detail the remaining assignments of error. And in the condition

of the case before the court, we think no error is shown that would require a reversal of the judgment. The jury by their verdict found that the agreement to arbitrate was made, and in pursuance of the agreement found in favor of appellees the sum ascertained by the arbitrator, Cravens. And if the verdict in this respect can be supported, and no error was committed on this branch of the case, the judgment should not be disturbed, although there may have been error committed on another branch of the case which was not considered by the jury.

The evidence sustains and warrants the verdict on the agreement of arbitration, and that agreement is a good common law contract of arbitration. And if the appellant was dissatisfied with the finding of the arbitrator, Cravens, or wished to question the correctness of his award on the ground of fraud or mistake, or for other reasons, he should have pleaded and set up such defenses in his answer. This he failed to do. The matters urged by him in these assignments could have only been raised when there was some pleading making an issue in this respect. If the jury believed that there was a contract of arbitration, which was submitted to them as an issue by the court, we do not well see how they could have arrived at a different finding than that reached, in view of the state of the pleadings. If the appellant seriously claimed that the arbitrator considered items that were not proper, or that he found in appellees' favor for more than he, appellant, considered he was owing, he should have by his pleadings assailed the award for these reasons. This he failed to do, or to attack the award or contract of arbitration for any reason.

The judgment of the court below is affirmed.

*Affirmed.*

Delivered February 7, 1894.