Texas & Pacific Railway Company v. W. C. Funderburk.

Decided May 17, 1902.

1.—Railway Company—Passenger—Personal Injury—Charge.

Where plaintiff having assisted his wife to a seat in defendant's train, was injured in leaving it by a sudden jerk of the train, and the evidence showed that the conductor or brakeman, a white man, was given notice of plaintiff's intention not to become a passenger, a charge that defendant would be liable if plaintiff notified any of the employes in charge of the train of his intention to get off was not misleading because the evidence showed also that there were negro porters at the steps of the car, and the jury might assume that one of the porters only had notice.

2.—Same—Contributory Negligence—Leaving Moving Train.

It is not negligence per se for one to leave a moving train. See evidence held to sustain a finding that plaintiff was not guilty of contributory negligence in entering the train to assist his wife and in alighting therefrom while the train was in motion.

3.—New Trial—Newly Discovered Evidence—Diligence.

A motion for new trial on the ground of newly discovered evidence is insufficient where it fails to show diligence on the applicant's part to discover such evidence before the trial.

Appeal from Van Zandt. Tried below before Hon. J. G. Russell.

*T. J. Freeman* and *Cate, Geddie & Bruce,* for appellant.

*W. B. Wynne,* for appellee.

BOOKHOUT, Associate Justice.—Appellee brought this suit in the court below for damages in the sum of $2000, alleging in substance that on the night of the 19th of December, 1900, he went aboard appellant's train at Wills Point for the purpose of assisting his wife aboard the train, notifying the conductor at the same time of his intention to get off the train, and that before he had time to seat his wife the train pulled out, and that as he was stepping from the moving train the same gave a sudden jerk forward and threw him to the ground, from which fall he sustained his injuries. The trial resulted in a verdict for plaintiff in the sum of $1500, hence this appeal. The facts sufficiently appear in the opinion.

*Opinion.*—1. It is contended that the court erred in charging the jury to the effect that the defendant would be liable in the event the plaintiff notified any of the employes of the defendant in charge of the train of his intention to get off the train. It is insisted that the plaintiff's testimony shows that it was the conductor or brakeman that plaintiff notified of his intention to leave the train, and that there is evidence that there were negro porters at the steps to assist passengers on the train, and that this charge authorized the jury to find the defendant liable in the event they might assume that one of the porters had notice of plaintiff's intention to leave the train. There was no error

in the charge. The evidence shows that the conductor or brakeman was given notice of appellant's intention not to become a passenger on said train. The evidence further shows that the person notified was a white man. There is no contention that the notice was given to the negro porter or that the railroad is liable because the porter had such notice.

2. It is contended that the court erred in overruling defendant's motion for a new trial for the reason there was no necessity shown for plaintiff to go upon said train to assist his family in boarding same, and that plaintiff was guilty of contributory negligence as a matter of law in rushing from the coach and in attempting to alight therefrom in the dark without taking any precautions to protect himself. The evidence shows that appellee's wife was accompanied by her two children, one 3 years old and the other 5. She was carrying her 3-year-old child and a hand satchel. Her husband, appellee, had her valise in one hand and her lunch basket in the other. He notified the conductor or brakeman of his purpose in going upon the train. The train did not remain a sufficient length of time at the station for appellee to assist his family on the train and get off in safety. The evidence was sufficient to justify the jury in finding that appellee was properly upon the train for the purpose of assisting his family to get on board the same. Whether or not appellee was guilty of negligence in attempting to get off the moving train under the circumstances was a question for the jury. It was not negligence per se for him to attempt to alight from the moving train. There was evidence that the train only remained at the station one or two minutes, and that appellee had only reached about the fourth seat from the door of the car through which he entered when the train started up. He did not wait to seat his family, but at once started to leave the train, and as he was about to step to the ground the train gave a sudden lurch, which threw him off on his head and shoulders. He received injuries and sustained damage thereby. The evidence was sufficient to justify the jury in finding that appellee was not guilty of contributory negligence.

3. There was no error in overruling defendant's motion for a new trial based on the ground of newly discovered evidence. The motion fails to show diligence on the part of defendant to discover this testimony before the trial. The motion should have shown that defendant could not have sooner discovered the testimony by the exercise of diligence. Conwill v. Railway, 85 Texas, 102. The greater part of the testimony alleged to have been newly discovered was cumulative. We are of opinion that the result would have been the same had the evidence been produced upon the trial.

Finding no error in the record the judgment is affirmed.

*Affirmed.*

Writ of error refused.