GILLILAND et al. v. ELLISON et al.

(Court of Civil Appeals of Texas. April 22, 1911. Rehearing Denied May 13, 1911.)

1. LIMITATION OF ACTIONS (§ 127*)—COMPUTATION OF PERIOD—COMMENCEMENT OF ACTION—AMENDMENT OF PLEADING.

Where the original pleading alleged that plaintiff had conveyed to defendant land in consideration of defendant's delivering to plaintiff goods of a value stated, and that defendant had refused to deliver the goods except a small amount, and sought to recover the difference between the value of the goods delivered and the value stated in the contract, and an amended petition alleged that the goods were represented to be in good condition, marketable and reasonably worth the sum stated, and that plaintiff did not know the character, quality, or condition of the goods, but relying on defendant's statement, executed the conveyance and accepted a bill of sale of the goods, a subsequent trial amendment, made more than two years after the accrual of the cause of action, alleging that the land conveyed to defendant was of the value previously stated as the represented value of the goods, whereby plaintiff had lost that sum, did not render the petition subject to the two-year statute of limitations, by changing the cause of action alleged from one for breach of contract to one for damages for fraud, since it was made to cure a supposed defect, and did not allege a new cause of action, and hence related back to the time of the filing of the original petition.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 543–547; Dec. Dig. § 127.*]

2. BROKERS (§ 106*)—RIGHTS AND LIABILITIES AS TO THIRD PARTY—AUTHORITY—QUESTION FOR JURY.

In an action to recover a represented value of goods which defendant agreed to transfer to plaintiff in exchange for land, evidence *held* to authorize submission to the jury of the question whether brokers had authority from defendant to execute the contract in question, and

to make the representations relating thereto relied on by plaintiff.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 149–153; Dec. Dig. § 106.*]

3. APPEAL AND ERROR (§ 959*)— REVIEW—DISCRETION OF TRIAL COURT—AMENDMENT OF PLEADING.

The discretion of the trial court in allowing amendments to pleadings, after the trial begins and before its submission to the jury, will not be disturbed unless it is abused.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3825–3833; Dec. Dig. § 959.*]

4. PLEADING (§ 236*)—AMENDMENT—DISCRETION OF TRIAL COURT.

Where the petition alleged that defendant agreed to transfer to plaintiff goods, represented to be worth a certain sum, and that only a small portion of the value stated had been delivered, and sought to recover the difference between the value of the goods stated and the value of those delivered, and, over plaintiff's objection, the court admitted evidence of the value of land conveyed by plaintiff to defendant in exchange for the goods, the allowance of a trial amendment to the petition alleging the value of the land, and that by defendant's refusal to deliver the goods the plaintiff had lost the value of the land, was not an abuse of discretion.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 601; Dec. Dig. § 236.*]

5. CONTINUANCE (§ 14*)— GROUND — AMENDMENT OF PLEADING.

In an action arising out of an exchange of land of plaintiff for goods of defendant, prosecuted by plaintiff on the theory that it was not necessary to prove the value of the land, where defendant's contention that the value of the land was the criterion for estimating plaintiff's recovery was sustained, and the court allowed a trial amendment to the petition, alleging the value of the land, and postponed the trial from Friday noon to the following Monday morning to enable the defendant to meet the issue, there was no error in denying a continuance at the latter date where the motion therefor failed to show any effort on the part of defendant to secure testimony or any reason why the testimony could not be procured.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. §§ 99–112; Dec. Dig. § 14.*]

6. BROKERS (§ 32*)—AUTHORITY—ACTING FOR BOTH PARTIES.

The action of brokers acting for both parties with the knowledge of both parties is binding on both.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 25; Dec. Dig. § 32.*]

7. EVIDENCE (§ 471*)—OPINIONS—AGENCY.

In an action based on a transaction conducted through brokers, testimony of one of the plaintiffs that the brokers represented defendants was not error.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149–2185; Dec. Dig. § 471.*]

8. PRINCIPAL AND AGENT (§ 22*)—EVIDENCE OF AGENCY.

Testimony that a broker through whom a transaction between plaintiff and defendant was conducted told a witness that defendant had left him to close a contract was admissible, where there was other evidence sufficient upon which to base a finding of agency.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 40; Dec. Dig. § 22.*]

9. NEW TRIAL (§ 99*)—GROUNDS.

Newly discovered evidence is not ground for new trial where it is cumulative, and there

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

is no sufficient diligence shown in not discovering the testimony before the trial.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 201, 207; Dec. Dig. § 99.*]

10. NEW TRIAL (§ 140*) — PROCEEDINGS TO PROCURE—EVIDENCE.

On a motion for new trial, evidence *held* to justify the court holding that there was no relationship of a juror to one of the parties within the third degree.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 284–289; Dec. Dig. § 140.*]

Appeal from District Court, Hunt County; R. L. Porter, Judge.

Action by C. D. Ellison and others against T. H. Gilliland and others. From a judgment for plaintiffs, defendants appeal. Affirmed.

The party designated as Wid Humphreys was one of the plaintiffs.

Bennett & Jones and Yates & Carpenter, for appellants. Looney, Clark & Leddy and Evans & Carpenter, for appellees.

RAINEY, C. J. The appellees brought this suit against appellants to recover damages, alleging: That appellees and appellant entered into a contract whereby plaintiffs conveyed to defendants 369 acres of land, and, in consideration therefor, defendants were to deliver to plaintiffs a stock of goods and merchandise of the approximate value of $10,000, then situated in Mangum, Okl. Said goods were to be shipped from Mangum, f. o. b. to Quinlan, Hunt county, Tex. Said trade was negotiated through Bass & Bratton, agents of defendants. That said goods and merchandise were represented by said agents to be merchantable, in good condition and worth $10,000. That plaintiffs were ignorant of the condition and value of said goods and relied upon and believed said statements were true, but the same were untrue. That on the faith of said statements plaintiffs accepted the sale and transfer of said goods. That defendants had failed and refused to deliver the goods or any part thereof, except about $60 worth of unsalable articles, and that defendants had expended this amount in payment of freight and drayage. Plaintiffs prayed for $10,000 damages, with interest at the rate of 6 per cent. from January 4, 1908, the date of the trade. Defendants answered by general and special demurrers, general denial, and specially that plaintiffs had no title to said land; that same was incumbered for all, if not more, than it was worth; and that the consideration for said stock of goods had failed. A trial resulted in a verdict and judgment for plaintiffs for $4,500, and defendants appeal to this court.

[1] Appellants' first assignment of error is: "The court erred in overruling said defendants' special exception presented at said time based on the ground that it appeared from said amended petition and said trial amendments that the cause of action finally declared upon by way of said second trial amendment was barred by statute of two years limitation." On January 4, 1908, plaintiffs' cause of action accrued. On February 7, 1908, plaintiffs filed their original petition, alleging that they had conveyed to defendants certain lands in consideration of defendants' delivering to plaintiffs approximately $10,000 worth of goods, wares, and merchandise in bulk and did execute a bill of sale for the same; that defendants had refused and failed to deliver same, except about $100 in value to their damage $9,900, and prayed for judgment for said amount, etc. On March 8, 1909, plaintiffs filed their third amended original petition, setting up the transaction between plaintiffs and defendants, and, in effect, that said goods were represented to be in good condition, were marketable and fairly and reasonably worth $10,000, that plaintiffs did not know the quality, character, nor condition of same, but, relying on and believing defendants' said statement, executed the conveyance and accepted a bill of sale to said goods, without notice that said statements were untrue, etc.; that defendants had failed and refused to deliver said goods or any part thereof, except about $60 worth of miscellaneous and unsalable articles, on which plaintiffs paid about $60 freight and drayage, and prayed for $10,000 damages. On October 15, 1909, plaintiffs filed a trial amendment enlarging upon their allegations in their third amended original petition. On May 11, 1910, the case went to trial on the pleadings as they then stood, and after plaintiffs had rested and after the defendants had been permitted, over plaintiffs' objection, to prove the value of the land, the plaintiffs were allowed to file their second trial amendment alleging that said land was of the value, above incumbrances, the sum of $10,000, whereby plaintiffs had lost said sum of $10,000.

Appellants argue "plaintiffs failed to allege, either in their third amended petition or first trial amendment, what the value of said land was, or that they had lost anything whatever by reason of the alleged fraud and misrepresentations. Under this state of the pleadings, the bar of limitation would not be complete until four years from January 4, 1908, but when plaintiffs filed their second trial amendment on March 11, 1910, thereby changing their cause of action from an action for breach of contract to one for damages for fraud and deceit, they were barred by the statute of two years limitation." We do not concur in appellants' contention that plaintiffs' action was barred by the two-year statute of limitation.

The petition on which plaintiffs went to trial set up a cause of action, and the second trial amendment was made to cure a supposed defect, and did not change the cause of

action into a new cause of action, but was a mere addition and enlargement to the then existing cause of action, and related back to the time of filing of the petition, on which the right of recovery was sought. The action was not barred by limitation. Killebrew v. Stockdale, 51 Tex. 529; Tarkinton v. Broussard, 51 Tex. 550; Landa v. Obert, 78 Tex. 33, 14 S. W. 297; Railway Company v. Clippenger, 47 Tex. Civ. App. 510, 106 S. W. 155.

[2] The second assignment of error is: "The court erred in the following paragraph of his main charge to the jury, to wit: 'If you believe from the evidence in this cause that Bass & Bratton had authority from defendants, J. V. Biard and T. H. Gilliland, to close the trade in question, and to that end to execute on their behalf the contract in evidence, or if you find from the evidence that Bass & Bratton did not have such authority before the trade was closed, but that after it was closed they notified said defendants, or either of them, of the terms of the trade, or if said defendants, or either of them, afterwards learned of the terms of said trade and of Bass & Bratton's representations, if any, and after receiving such notice, if any, and with such information, if any, said defendants accepted the deeds of the plaintiffs, and shipped the articles which they did ship, then you are instructed that said defendants would be bound by the statements, if any, made by said Bass & Bratton to plaintiffs in procuring said trade to be closed which were believed and relied on by plaintiffs, if they were relied on." The criticism urged to said charge is that it presents an issue of agency and ratification not raised by the evidence. There was evidence that Biard, the partner of Gilliland, authorized Bass, of the firm of Bass & Bratton, brokers, to trade with plaintiffs. There was evidence tending to show that defendants approved and accepted the results of Bass' negotiations. They accepted the conveyance of the land and are now claiming the land, and pretended to comply with said contract by shipping some goods from Mangum, Okl., to Quinlan, Tex. We think the evidence raised the issues presented by the testimony, and the court properly submitted the same to the jury.

[3] The third assignment of error is that "the court erred in permitting the plaintiffs, after they had rested their case and a part of the defendants' testimony was introduced, to file, over defendants' objections as shown by bill of exceptions No. 1, their second trial amendment, setting up an entirely new cause of action from that declared upon in their original petition and their first, second, and third amended original petitions, and their first trial amendment, filed February 7, 1908, February 26, 1908, March 11, 1908, March 8, 1909, and October 15, 1909, respectively, the plaintiffs all along up to the filing of the second trial amendment insisting that they were entitled to recover as for a breach of the written contract set up and described in said pleadings." It is discretionary with the trial court to allow amendments to pleadings to be filed any time after the trial begins, and before its submission to the jury, and, unless such discretion is abused, the court's action will not be disturbed.

[4] There was no abuse of discretion in this instance. Gro. Co. v. Carter, 30 S. W. 487; McCormick v. Jester, 115 S. W. 286; Ford v. Liner, 24 Tex. Civ. App. 353, 59 S. W. 943; Lumber Co. v. Carver, 27 Tex. Civ. App. 467, 66 S. W. 218.

[5] The fourth assignment of error is: That "the court erred in overruling said defendants' motion for continuance, filed in this cause on the 14th day of March, 1910, after a suspension of the trial thereof from Friday at noon, March 11, 1910, until Monday morning, when said motion was presented and overruled, as will appear from defendants' bill of exceptions No. 2." Plaintiffs were prosecuting their suit on the theory that it was not necessary to prove the value of the land in order to recover their damages. Defendants contended that the value of the land furnished the criterion for estimating plaintiffs' recovery, and at a former trial, and on this trial, had offered testimony on that issue, and on this trial had induced the court to change his opinion and former ruling and adopt their contention, which caused the plaintiffs to amend their pleadings, so as to conform to said ruling. Defendants had pleaded failure of consideration, in that the equity of land held by plaintiffs was worthless, and to support this plea evidence of the value of the land was necessary. The court postponed the case from Friday at noon until the following Monday morning, that defendants might prepare for the issue, but the motion for continuance fails to show any effort on their part during that time to secure testimony, or any reason why such testimony could not be procured. Under the circumstances, we think there was no error in denying the continuance.

[6] The fifth assignment of error is that "the court erred in refusing to give defendants' special charge No. 3, which reads as follows: 'Gentlemen of the jury, if you believe from the evidence that the plaintiffs, in making the trade out of which this lawsuit grew, relied upon the statements and representations of Bass & Bratton, and if you further believe that Bass & Bratton were representing both sides in the deal and that this fact was known to the plaintiffs, then you will return a verdict for the defendants." The evidence shows that plaintiffs had agreed with Bass & Bratton to pay them $1 per acre if they would find a buyer for the land. It also shows that defendants, knowing of this, had employed Bass & Bratton to close the transaction in controversy.

in closing the transaction Bass acted for defendants and Ellison, one of the plaintiffs, represented plaintiffs. Bass & Bratton were brokers, and their acting for both parties with the knowledge of both parties is binding on both. Mechem on Agency, § 943; Bass v. Tolbert, 51 Tex. Civ. App. 437, 112 S. W. 1077. The evidence shows that Bass & Bratton acted for defendants in transacting the trade, but it was conflicting as to whether or not they had authority from defendants so to do.

[7] The court submitted this issue to the jury, and they, in effect, found that they were authorized so to act, and the testimony of Wid Humphreys that Bass & Bratton represented defendants was not error.

[8] Nor was it error to permit testimony that Bratton told witness that defendants had left him to close the contract. Agency cannot be proved by the declaration of the agent, nor will statements made by one claiming to be the agent of another bind said party, unless the agency did in fact exist. In this case the evidence was sufficient upon which to base a finding of agency, and we think the admission of the evidence complained of was legitimate.

[9] The ninth assignment of error complains of the court's overruling their motion for new trial, wherein they claimed the discovery of new evidence. The new evidence is that of one Ford, who testified in a certain tax suit in July, 1909, in regard to the value of land in the Quinlan community, and as to the testimony of one Humphrey, who, under oath, in 1908, rendered his land at $70 per acre and on the trial of this cause swore that it was worth $30 per acre. There was no error in overruling the motion for new trial on the grounds stated. Such testimony was cumulative, and there was no sufficient diligence shown in not discovering the testimony before the trial of the case. The rule as to newly discovered evidence is stated in Conwill v. Railway Co., 85 Tex. 96, 19 S. W. 1017, as follows: "A new trial will not be granted on the ground of newly discovered evidence unless it is made to appear that it has come to the knowledge of the applicant since the trial; that it could not have been sooner discovered by the exercise of diligence; that it is not merely cumulative; that it is not for the purpose of impeachment. Sayles' Civ. Stats. art. 1368, note 10, and the numerous authorities there cited."

[10] Another complaint for overruling the motion for new trial is that Wallace, one of the jurors, testified on his voir dire that he was a fourth cousin to Wid Humphreys, one of the plaintiffs, when, in fact, he was a second cousin. The court heard testimony on this proposition, and Wallace testified that he said on voir dire that they were about fourth cousins, could not state what relation they were, did not know; that Mr. Humphreys could tell. Humphreys testified, "I am either a fourth or an eighth cousin of Wallace;" that he did not know definitely; that, when Wallace was examined on his voir dire, Wallace stated that he was either second or fourth cousin, and referred to witness, who he said could tell.

Defendants' attorneys were referred to a source for information as to the relationship before the juror was taken. They did not investigate, and, if they had, they would have learned from Humphreys that such relationship did not exist within the third degree. The court was justified from the evidence in holding that there was no relationship within the third degree.

The evidence supports the verdict and judgment, and the record fails to show reversible error.

The judgment is affirmed.