FARMERS' STATE GUARANTY BANK v. PIERSON et al. (No. 5956.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 20, 1918. Rehearing Denied March 13, 1918.)

1. TROVER AND CONVERSION ⬅️32(2)—PLEADING—VALUE OF PROPERTY.

In an action for conversion of a note, an allegation of its face value is a sufficient allegation of its value.

2. TROVER AND CONVERSION ⬅️50—MEASURE OF DAMAGES—NEGOTIABLE NOTE.

The measure of damages for the conversion of a negotiable note is the amount prima facie due on the face of the note.

3. TROVER AND CONVERSION ⬅️40(6)—EVIDENCE—DAMAGES AND VALUE OF PROPERTY.

In an action for the conversion of a note, a finding that at the time of the conversion plaintiffs could have realized the face value of the note, held not contrary to the evidence.

4. APPEAL AND ERROR ⬅️1004(4)—REVIEW—CONCLUSIVENESS OF VERDICT.

Where, in an action for the conversion of a note, it appeared that plaintiffs could have exchanged the note at practically its face value for an equity in land, a finding that plaintiffs could have realized substantially the face value of the note will not be disturbed, though the evidence of the value of such equity was somewhat speculative, and perhaps might not have had much weight with the Court of Civil Appeals.

5. APPEAL AND ERROR ⬅️232(2)—RESERVATION OF GROUNDS OF REVIEW—OBJECTIONS.

An appellate court can consider no ground of objection to evidence, not made when the evidence was offered.

6. TROVER AND CONVERSION ⬅️39—ADMISSIBILITY OF EVIDENCE—DAMAGES.

In an action for the conversion of a note, a contract between plaintiffs and a third party, under which they could have exchanged the note at its face value for an equity in land, was admissible over the objection that it was irrelevant and immaterial and served no purpose in the case.

7. APPEAL AND ERROR ⬅️981 — REVIEW — DENIAL OF NEW TRIAL—NEWLY DISCOVERED EVIDENCE.

A judgment will not be reversed on the ground that it was obtained by false evidence, that gross injustice will be done by the refusal of a new trial, and that such refusal is an abuse of the trial court's discretion, where the only evidence relied on to sustain these propositions is contained in affidavits presented on a motion for a new trial, and where no effort was made to introduce such evidence, no sufficient excuse is offered for the failure to introduce it at the proper time, no diligence is shown, and the evidence is not conclusive of the falsity of the testimony on which the judgment was based.

Appeal from District Court, Cameron County; W. B. Hopkins, Judge.

Suit by L. B. Pierson and another against the Farmers' State Guaranty Bank. From a judgment for plaintiffs, defendant appeals. Affirmed.

J. M. Mothershead, of San Benito, and Graham, Jones & George, of Brownsville, for appellant. George R. Whitley, of San Benito, and McCollum Burnett, of San Antonio, for appellees.

SWEARINGEN, J. L. B. and Selma Pierson instituted this suit against the Farmers' State Guaranty Bank to recover damages for the conversion of a promissory note for $3,011.99 and interest. Special issues were submitted to the jury, and upon the jury's verdict judgment was rendered against the bank for $3,000.

Appellees alleged that they owned a vendor's lien note for $3,011.99, and deposited it with appellant bank for collection, the note and proceeds to be at all times subject to appellee's order. It was alleged that on April 27, 1914, and subsequent thereto, appellees demanded the note of appellant; that appellant refused appellees' demand and wrongfully converted the same to appellant's use; that the amount of the note at the time of said conversion was $3,243.09.

Appellant in its first amended answer demurred to and denied the allegations of appellees' first amended petition and specially answered that the said note was delivered to the bank as collateral security for an indebtedness in favor of the bank against the appellees. It was denied that the note was converted to the bank's use. The answer further averred that the note was worthless on April 27, 1914.

Appellees by their second supplemental petition denied that the said note was worthless and alleged that the note had a special value of $3,000 to appellees on April 27, 1914, because appellees at that time had a contract by virtue of which they could and would have received that value for the note paid in equity in 200 acres of land in Frio county, Tex., but that appellees lost this value by reason of appellant's wrongful conversion of the note.

The special issues submitted to the jury and their answers follow:

"(1) Was there any agreement or contract between plaintiffs and defendant, either at the time said note was placed with defendant bank by plaintiff L. B. Pierson, or prior thereto, that said bank should have a lien on said note or its proceeds, if any, or hold said note as additional collateral or security for any indebtedness that might be owing it by plaintiffs, or either of them? A. No.

"(2) Did the bank extend any credit to plaintiffs or either of them on the faith of such lien, if there was such a lien? A. No.

"(3) Could plaintiffs have realized the face value of said note on or about the 27th day of April, 1914? A. Yes.

"(4) Did the defendant bank have knowledge of the alleged trade between plaintiffs and Hatcher and his associates whereby plaintiffs were to exchange said note as part payment for certain lands in Frio county? A. Yes.

"(5) What was the face value of said note on or about the 27th day of April, 1914? A. $3,011.99 its face value and accrued interest.

"(6) What was the value, if any, or what amount, if anything, could plaintiffs have realized on said note on or about the 27th day of April, 1914? A. $3,000.00."

No exception was taken to any of the special issues and none other requested. All the findings of the jury are supported by the testimony.

[1, 2] The first proposition suggests fundamental error, in that the pleading does not allege the reasonable value of the note at the time of the alleged conversion. This is overruled because the allegation of face value of a chose in action is a sufficient allegation of the value of the note. The measure of damages for the conversion of a negotiable note is the amount prima facie due on the face of said note. Mutual Loan & Investment Co. v. Matthews, 176 S. W. 924 § 6; Arkansas ⟩Fertilizer Co. v. City National Bank, 104 Tex. 187, 135 S. W. 529; Ramsey v. Hurley, 72 Tex. 194, 12 S. W. 56; Clark v. Cullen (Tenn. Ch. App.) 44 S. W. 204; Sutherland on Damages (3d Ed.) § 1132; Randolph on Commercial Paper, § 1688.

· [3, 4] Appellant's first assignment is that the verdict of the jury in answer to special issue No. 3, hereinabove shown, is contrary to the evidence. There was a seeming conflict in the testimony of the value of the note. The president of the bank, who was a witness for the bank, testified on the trial that the note at the date of the trial was worthless. This is somewhat modified by the determination of the bank to hold onto the note. On the other hand, a letter written by the cashier of the bank, McMurray Richey, contained the following statement:

"In regard to a note of $3,000.00 secured by land, San Benito, Texas, wish to say that this is a second lien; the San Benito Land & Water Co. hold a prior lien; the land which is security for this note is well worth the present incumbrance, both first and second lien, and give you some equity besides. The party owing this note is Mr. J. J. Johnson, Wahpeton, S. Dak., and we understand he is responsible for the note."

This letter was written March 19, 1914. Furthermore, the uncontradicted testimony proved that appellees could and would have received $3,000 for the note but for the conversion, and further shows that the bank knew all the details of the offer of April 27, 1914, which their conversion of the note prevented appellees from realizing. The evidence of the value of the equity was somewhat speculative and perhaps might not have weighed a great deal with this court; but the jury passed upon its weight in favor of appellees, and we do not feel that we are required to reverse that finding. The first assignment is overruled.

[5, 6] Under the second assignment the proposition is presented that the court erred in that it admitted in evidence, over appellant's objection, the contract between appellees and one Hatcher, which proved that appellees would have received the value of $3,000 for the note but for appellant's conversion. The only objection to this evidence shown by the bill of exception is that the evidence was "irrelevant and immaterial and served no purpose in this case." We can consider no objection not made when the evidence was offered. The evidence was relevant, material, and did serve a purpose in this case. The second assignment is overruled.

[7] Appellant, under its third, fourth, fifth, sixth, and eighth assignments, submits the following two propositions:

"(1) Where a party knowingly by his own false evidence or that of others has obtained a judgment which gives him something which truth and justice would deny, a new trial should be granted.

"(2) A new trial should be granted by the trial court where gross injustice would be done by its refusal and an abuse of the trial court's discretion in this regard will be reversed on appeal."

These assignments are overruled because there is nothing in the record to justify the assertion that appellees knowingly obtained a judgment by false evidence, which judgment, truth, and justice would deny. No evidence introduced at the trial is relied upon by appellant to sustain these propositions; but several affidavits are referred to which were attached to the amended motion for a new trial. The most that could be said in favor of these affidavits is that the substance of them, if introduced in evidence at the trial in the proper way and at the proper time, would be testimony, the truth and weight of which could have been considered

by the jury. No effort was made to introduce the testimony; no sufficient excuse is offered for the failure to introduce the testimony at the proper time, and no diligence is shown. Furthermore, the statements do not in themselves conclusively show, nor very strongly tend to prove, that appellees' testimony was untrue.

That an appellate court will not reverse a cause for the reasons stated in the propositions here considered is established by the case cited by appellees with the following remarks:

"(1) That 'a new trial will not be granted to obtain impeaching testimony,' as stated in Railway Co. v. Dumas, supra [149 S. W. 543]; (2) that it is too late to present the claim of surprise for the first time in a motion for new trial, the rule being, as stated in Chambers v. Ker, supra [6 Tex. Civ. App. 373, 24 S. W. 1118], 'the appellant, if he deem that he was misled, should not only have seasonably discovered that he was surprised, but should also have seasonably made it known,' the court holding in this case that a claim of surprise presented for the first time in a motion for new trial 'was too late'; (3) that a new trial will not be granted on the ground of newly discovered evidence unless it is made to appear that it has come to the knowledge of applicant since the trial; (4) that a new trial will not be granted on the ground of new evidence unless it be made to appear that said evidence could not have been sooner discovered by the exercise of diligence; (5) that a new trial will not be granted on the ground of new evidence unless it be made to appear that said evidence is not merely cumulative; (6) that a new trial will not be granted on the ground of new evidence unless it be made to appear that said new evidence is not for the purpose of impeachment. The last four propositions set out are directly laid down by our Supreme Court in Conwill v. Railway Co., 85 Tex. 96 [19 S. W. 1017], and quoted as final authority by Chief Justice Rainey in Gilliland v. Ellison, supra [137 S. W.] at page 171." Glover v. Pfeuffer, 163 S. W. 984; Railway Co. v. Dumas, 149 S. W. 543; Scott v. Jackson, 147 S. W. 336; Gilliland v. Ellison, 137 S. W. 168; Kidd v. McCracken, 63 Tex. Civ. App. 463, 134 S. W. 839; Keller v. Lindow, 133 S. W. 304; Chambers v. Ker, 6 Tex. Civ. App. 373, 24 S. W. 1118, at p. 1122.

The judgment is affirmed.