## J. W. BERRY v. B. F. CHILDRESS.

1—Construing Article 1591, Paschal's Digest, in connection with Article 1581, this court concludes it to be its duty to examine and adjudicate all errors either assigned or apparent on the face of the record.

2—It appearing on the face of the record that a judgment by confession was entered up in the court below, without a compliance with the requirements of Article 1477, which regulates such judgments, this court sets aside the judgment of its own motion, although the assignment of errors does not impugn the judgment on that ground.

ERROR from Johnson. Tried below before the Hon. N. M. Burford.

There is no occasion to state the facts further than they are indicated in the opinion of the court.

*Hancock & West,* for plaintiff in error.

*Bowers, Walker & Cullen,* for defendant in error.

MORRILL, C. J.—We here have a question of practice, raising the construction of Arts. 1477, 1581, 1591, Paschal's Digest, which are as follows, viz:

"Art. 1477—Any person, for a *bona fide* debt, may, without process, appear in person, or by attorney, and confess judgment for such debt; but in such cases a petition shall always be filed, and the justness of the debt sworn to by the person in whose favor the judgment is confessed; and when confessed by attorney, the warrant of attorney shall be filed.

"Art. 1581—In all cases of appeal to the Supreme Court, the trial shall be on a statement of facts, as agreed upon by the parties or their attorneys, certified to by the judge of the court below; or, should the parties fail to agree, then the judge of the court below shall certify the facts; or on a bill of exceptions to the opinion of the judge; or on a special verdict; or on an error in law, either assigned or apparent on the face of the record; and in the absence of all these the appeal shall be dismissed with costs alone, or with costs and damages, at the discretion of the court.

"Art. 1591—The appellant or plaintiff in error shall in all cases file with the clerk of the court below an assignment of errors, distinctly specifying the grounds on which he relies, before he takes the transcript of the record from the clerk's office, and a copy of such assignment of errors shall be attached to and form a part of the record; and all errors not so distinctly specified shall be considered by the Supreme Court as waived."

The suit was instituted by filing the petition on the 27th of March, 1861. Service of citation, copy of petition, and the five days' notice thereof, were waived by the defendants, and a consent that judgment be rendered thereon at that term of the court, was indorsed on the petition the same day it was filed. Two days thereafter, viz: 29th of March, a judgment, specify-

ing that the plaintiff comes by attorney, and the defendants in their own person, or by attorney, etc., was rendered for the amount sued on.

There is nowhere in the record the affidavit of the plaintiff certifying that the debt thus merged into a judgment is just; nor is there a warrant of attorney for the defendant's attorney to confess the correctness of the debt, agreeably to the requirements of Art. 1477, above quoted.

That this proceeding is erroneous is apparent; but since the appellant has assigned errors, and has not included therein this apparent error, are we bound by the Art. 1591 to consider this error as waived, or can we, and must we, regard those errors apparent on the face of the record, even if not assigned, as seems to be our duty by Art. 1581?

Taking into consideration the fact that such a construction ought to be given to all laws apparently conflicting as may establish their validity, and construing these acts with a view of what was the intention of the Legislature in passing them, we conclude that the Legislature did not require of this court that we should scrutinize every case brought before us for the purpose of finding errors, but that the parties who brought the cases here should point them out. At the same time we can not presume that the Legislature required of us to enter up a judgment affirming a judgment because there were no errors apparent therein, in defiance of the truth. We, therefore, must conclude that Art. 1591 must not be enforced at the expense of Art. 1581, but that it is our duty to examine and adjudicate all errors, either assigned or apparent, on the face of the record. Hence, for the reasons hereinbefore mentioned, the judgment is reversed.

Reversed.