RISSER & REITZ, Appellees, v. MARTIN & PHILLIPS, Appellees, and JOHN N. MARTIN, Appellant.

1. **Jurisdiction**: DISTRICT COURT: CORRECTION OF RECORDS OF CIRCUIT COURT. Under the provisions of chapter 134, of Acts of the Twenty-first General Assembly, the district court has jurisdiction for the correction, on motion, of the records of the circuit court, to the same extent that it would have, had the proceedings in question been originally in the district court.

2. **Confession of Judgment**: MISTAKE OF CLERK: NUNC PRO TUNC ORDERS. Where a statement for a confession of judgment authorized the entry of judgment in the circuit court against a partnership and the member of the firm making the confession, but the clerk of the court entered a judgment against the firm only, and the entry in that form was approved by the court, *held*, that a motion at a subsequent term of the district court, before a different judge, for a judgment *nunc pro tunc* against the individual partner, was properly sustained.

3. ——: ——: ——: STATUTE OF LIMITATIONS. The provisions of section 3156 of the Code, that motions for the correction of mistakes or omissions of the clerk in judgment entries shall be made within one year, have no application to motions for judgment *nunc pro tunc*. Such relief is not barred by lapse of time, and may be granted without any showing of diligence.

*Appeal from Mahaska District Court.*—HON. D. RYAN, Judge.

MONDAY, OCTOBER 17, 1892.

THE district court sustained a motion of the plaintiffs for a judgment *nunc pro tunc* against John N.

Martin. From the order sustaining the motion, and from the judgment rendered thereon, he appeals.— *Affirmed.*

*L. C. Blanchard,* for appellant.

*Bolton & McCoy,* for appellees.

ROBINSON, C. J.—On the tenth day of July, 1880, the appellant executed a statement for a judgment by confession, of which the parts material to a determination of this appeal are as follows:

"In the circuit court of Mahaska county. Risser & Reitz *v.* Martin & Phillips. Confession of judgment. I, J. N. Martin, being duly sworn, depose and say that I am a member of the copartnership of Martin & Phillips, and that said firm are justly indebted to the plaintiffs, Risser & Reitz, in the sum of three hundred and forty-three and twenty-one hundredths dollars, which indebtedness arose from the following account of goods and wares purchased of the plaintiffs by the said firm: * * * I, as a member of said firm, authorize the clerk of the circuit court of Mahaska county, Iowa, to render a judgment against me as a member of said firm, and against the said firm of Martin and Phillips, for the said sum of three hundred and forty-three and twenty-one hundredths dollars and the costs thereof, the same to draw six per cent. interest, and that execution may issue for the enforcement of said judgment.

"Witness my hand this tenth day of July, 1880.

"JOHN N. MARTIN."

This statement was duly verified, was filed in the office of the clerk of the circuit court of Mahaska county, and an entry of judgment by confession was made by the clerk. This was done on the day the statement was executed, and the entry of judgment was subsequently approved by the court. The judgment was entered against "the said defendants," and, as

"Martin & Phillips" were the only defendants named in the entry, it was in effect a judgment against them as a firm, and not against Martin as an individual. On the nineteenth day of September, 1890, the plaintiffs filed in the district court a motion asking the court to render judgment *nunc pro tunc* against Martin on the statement for judgment which he had executed. The motion was supported by an affidavit of one of the attorneys of the plaintiffs, which stated in effect that the plaintiffs were nonresidents of this state, and had never been present in court when their cause was pending, and that the attorneys for the plaintiffs procured the statement, but did not discover that judgment had not been entered against Martin until the day the motion was filed. On that day notice of the motion was served on Martin. A few days later he appeared to the motion, and filed a paper in resistance. The grounds upon which the resistance was based were stated to be that: "*First*. The alleged confession of judgment is void, one partner having no power to confess judgment for the firm. *Second*. The alleged confession of judgment did not authorize the circuit court to render a judgment against this defendant, John N. Martin, individually, and there is nothing in the record to show that the circuit court intended to render a personal judgment against this defendant. *Third*. This court is not presided over by the same judge who presided in the circuit court at the time said alleged confession of judgment was made, and at the time the alleged record entry was made, and this court has no power or authority to correct the records of the circuit court after such records have been made and signed by the judge thereof, and more than ten years after such record was made. *Fourth*. The record fails to show any intention of the circuit court to enter a personal judgment against this defendant on said alleged confession of judgment; and the decision of the circuit

court in refusing to enter a personal judgment, there having been no appeal therefrom, is final and conclusive, and this court has no power or authority to reverse or modify the decisions or judgments of the circuit court. *Fifth.* The plaintiff is guilty of laches in acquiescing in said judgment entry and decision of the circuit court, and in failing to take any steps to reverse, correct or modify the same for more than ten years; and it is now estopped by its own laches from seeking to correct or modify the record made. *Sixth.* The alleged agreement for judgment is barred by the statute of limitations, more than ten years having elapsed from the time of the making thereof before the motion to correct the same was filed." The only evidence submitted with the motion and resistance was the affidavit described, and the entry of judgment and approval of the court. The motion was sustained, and judgment was rendered against Martin for three hundred and forty-three dollars and twenty-one cents, with interest thereon at six per cent. per annum from the tenth day of July, 1880, and costs.

I. By chapter 134 of Acts of the Twenty-first General Assembly, the circuit court of Iowa ceased to exist on the first day of January, 1887, and authority and jurisdiction over its records passed to the district court. That court now has all the power which the circuit court could have exercised to correct its records and enforce its orders and judgments. The questions presented are, therefore, to be determined by the rules which would have been applicable had the proceeding in question been originally in the district court.

1. JURISDICTION: district court: correction of records of circuit court.

II. The entry was approved by the court, and is to be treated as its judgment. *Grattan v. Matteson,* 54 Iowa, 231. But the fact is not to be overlooked that the entry was prepared by the clerk without any direction from

2. CONFESSION of judgment: mistake of clerk: nunc pro tunc orders.

the court as to what it should contain. The law made it the duty of the clerk to enter judgment for the amount confessed. Code, section 2897. It follows by necessary implication that it was his duty to enter judgment against all parties who were shown by the confession to be indebted to the plaintiffs, and who authorized or joined in its execution. There is nothing in the record to justify the claim that the right of the plaintiffs to a judgment against Martin was considered and adjudged against them. On the contrary, it may be properly inferred that it was the intent of the clerk to enter judgment against all persons shown by the confession to be indebted to the plaintiffs, and that, in consequence of a mistake as to the persons who were named in the entry as defendants, he omitted to enter judgment against Martin. It is not true, as claimed by the appellees, that the verified statement or confession is a judgment, and that the entry made by the clerk is mere evidence of it. The debtor has no power to enter judgment against himself. That is a judical act, which can be performed only by the court; and, although the formal entry is prepared by the clerk, yet, as already stated, when made, it is to be regarded as the judgment of the court. The making and acceptance of the confession of judgment was an authorized method of ascertaining what the plaintiffs were entitled to recover of their debtors specified in the confession. By filing it, the parties thereto submitted themselves to the jurisdiction of the court and invoked its judgment. They had done all that was required on their part, and it then became the duty of the court, through its clerk, to enter the judgment which was authorized by the confession. Code, section 2897. It is true the court made no order, and it may not have been in session, but the law operated in lieu of formal action by the court as a direction to the clerk to enter judgment. In

legal effect, the rights of the parties were the same that they would have been had the court ordered the judgment to be entered. It is said that a judgment *nunc pro tunc* is always proper where a judgment has been ordered, but the clerk has failed or neglected to copy it into the record. Freeman on Judgments, section. 61. In *Fuller v. Stebbins*, 49 Iowa, 376, this court held that a judgment *nunc pro tunc* might be entered three and one-half years after judgment had been rendered, but not recorded, through the neglect or oversight of the clerk. This case is distinguishable from that of *Giddings v. Giddings*, 70 Iowa, 486. In that case an entry of judgment was made, but a blank for the amount was left unfilled. This court held that the record did not disclose the amount, nor any means for computing the amount, for which the court intended to render judgment; therefore, that the blank in the judgment could not be filled. But in this case the confession expressed the amount of the debt, and the law fixed the judgment to which the plaintiffs were entitled.

III. It is said the right of the plaintiffs to judgment against the appellant is barred by the statute of limitations. It was held in *Fuller v.*

3. ─:─:─: *Stebbins, supra,* that a motion for judg-
statute of lim- ment *nunc pro tunc* was not governed by
itations.
section 3156 of the Code, and that courts possess the inherent right to enter such judgments, the exercise of which is not barred by the lapse of time. Such appears to be the general rule. Freeman on Judgments, section 56.

It may be conceded that the affidavit, filed in support of the motion under consideration, fails to show diligence on the part of the plaintiffs to discover the true condition of the record; but we are of the opinion that they were not required to show diligence. Nothing shown in the record imposed that burden upon them.

They had done what the law required at their hands to entitle them to judgment, and the delay in rendering it was chargeable to the court. What the rule would have been had the rights of innocent third parties intervened, we are not required to determine. As between the parties now in court, this action may be treated as having been pending since the confession of judgment was filed, and the right of the plaintiffs to the relief demanded is not barred.

What we have said disposes of all grounds of resistance to the motion which have been urged in this court. We conclude that the action of the district court of which complaint is made was right. It is, therefore, AFFIRMED.