San Antonio & Aransas Pass Railway Co. v. R. L. Barnett.

No. 935.

1. **Common Carriers—Contract of Shipment—Release of Liability—Consideration.**

In a contract for the shipment of livestock, a clause releasing the carrier from liability for damages already incurred and due to delay in receiving the stock after they were tendered to its agent, is not binding on the shipper, where there was no consideration therefor, and it is shown that the reduced rate of freight given by the contract was in consideration of an agreement that the cattle should be shipped at the owner's risk.

2. **Practice—Exceptions Waived.**

Where there is nothing in the record indicating that defendant's exceptions to the original petition were ever considered by the trial court, it will be deemed that they were waived.

3. **Same—Jury—Taking Out Papers.**

The jury have the right to take with them in their retirement to consider their verdict the contract and receipts introduced in evidence by the parties.

4. **Same—Conduct of Counsel.**

Where counsel for plaintiff, while addressing the jury and arguing that a certain receipt in evidence was a forgery, was interrupted by defendant's counsel and asked if he would swear that it was a forgery, and replied that to the best of his knowledge and belief he would, defendant is not in a position to complain of the answer.

Appeal from the County Court of Gonzales. Tried below before Hon. John S. Conway.

*McNeal, Harwood & Walshe,* for appellant.—1. Where, as in this case, the pleadings and the evidence both show that there was a written contract of shipment entered into by the parties, and that there was a consideration for such written contract, the court should have sustained appellant's special exception to that portion of the plaintiff's pleading which alleges a want of consideration for the execution of such written contract. Railway v. Klepper, 24 S. W. Rep., 567; Newton v. Newton, 77 Texas, 508.

2. It is the settled law of this State that carriers of live stock may limit their liability for loss or injury to damages occurring on their own lines, on all interstate shipments. Harris v. Herne, Receiver, 74 Texas, 537; Railway v. Baird, 75 Texas, 264; Railway v. Adams, 78 Texas, 374; McCarty v. Railway, 79 Texas, 37; McCarn v. Railway, 84 Texas, 353; Railway v. Looney, 85 Texas, 166; Railway v. Mahula, 1 Texas Civ. App., 183; Railway v. Wright, 2 Texas Civ. App., 467.

*Atkinson & Abernethy,* for appellees.—1. A written contract, although complete in itself, can be varied by oral testimony of former agreement inconsistent with the terms of the written contract where the pleadings of the party seeking to vary such contract show that such subsequent contract was without consideration, or signed under duress or compulsion. Rev. Stats., art. 4227; Railway v. Barnett, 27 S. W. Rep., 677; Railway v. Nicholson, 61 Texas, 491; Railway v. Wright, 21 S. W. Rep., 81; Railway v. Woods, 31 S. W. Rep., 237; Railway v. Richie, 26 S. W. Rep., 840.

2. Counsel for a defendant should not be permitted to repeatedly interrupt counsel for plaintiff, while making closing argument for his client; and when such defendant's counsel persists in interrupting counsel, and in asking impertinent questions, neither he nor his client can be heard to complain of the answers wrung from opposing counsel by reason of such questions. No person can avail himself of the benefit of his own wrong. Rev. Stats., art. 1303; Telegraph Co. v. Seiders, 29 S. W. Rep., 258; Prather v. McClelland, 28 S. W. Rep., 94; Heidenheimer v. Thomas, 63 Texas, 287; Railway v. Garcia, 62 Texas, 285.

FLY, Associate Justice.—Appellant has perfected its appeal to this court from a judgment for damages in the sum of $157 rendered by the County Court of Gonzales County. The suit was founded upon a claim for damages growing out of the detention of seventy-four cattle at Runge, the shipping point, and delay along the line to Algiers, Louisiana.

Appellant introduced in evidence a contract of shipment containing the following stipulation: "First, That he (shipper) does hereby release said first party (carrier) from any and all liability for delay in shipping said stock after delivery thereof to its agent, and from any delay in receiving same after being tendered to its agent." By reason of this clause in the shipping contract it is claimed by appellant that it is relieved for all liability for damages that accrued before the contract was signed by appellee. Appellee in his supplemental petition, pleaded that there was no consideration for the agreement in question. It has been held in this State that the agreement to release damages accruing before the signing of the written contract can be enforced, if there be any consideration for it. Railway v. McCarty, 82 Texas, 608; Railway v. Wright, 1 Texas Civ. App., 402.

The appellant, through its agent, showed that there was no consideration for the agreement, the reduced rate having been given in consideration that the cattle should be transported at the owner's risk.    There being no consideration for the agreement, the requested charge was properly refused.   While we put our ruling on the ground that no consideration was shown to support the agreement, we do not commit ourselves to any expressions in the above cited cases that hold that agreements to release damages already accrued through the negligence of the carrier in the same transaction, should be upheld as valid and binding upon the shipper.   We go no further than to say that if such an agreement can be held valid, that under the facts of this case there was no consideration to support it.    The plea of failure of consideration was sufficient, and there was no error in overruling the exceptions set forth in the supplemental answer.

There is nothing in the record that indicates that the exceptions to the original petition were ever considered by the court, and under such circumstances it will be deemed that they were waived.

The ninth assignment of error is not well taken.   Appellee testified that he obtained the time of arrival and departure of the train from the employes of appellant, and it was competent testimony, no matter what his opinion as to their veracity may have been.

The contract and receipts were introduced in evidence by appellant, the jury had the right to take them with them in their retirement to consider their verdict, and the counsel of appellee had the right to comment on the evidence, and to call the attention of the jury to the signatures and other portions of the papers and documents.

While counsel for appellee was addressing the jury and arguing that the agent of appellant had forged a certain receipt, counsel for appellant interrupted him, and asked if counsel for appellee would swear that it was a forgery, to which the latter replied that to the best of his knowledge and belief he would.   This is assigned as error.   The words were provoked by counsel for appellant, and were in direct response to his question, and appellant is in no position to complain.

The evidence supports the verdict, and the judgment will be affirmed.

*Affirmed.*

Delivered January 29, 1896.