## BEAUMONT IRRIGATING CO. v. GREGORY.

(Court of Civil Appeals of Texas. March 23, 1911.)

1. WATERS AND WATER COURSES (§ 261*)—IRRIGATION—CONTRACT.

A person rented land from an irrigation company, which contracted to furnish sufficient water for irrigation of a rice crop on the land during the year, the company to use due diligence to furnish the water, but not to be responsible for failure to furnish it, resulting from injury to its canal or accident to its machinery, and that the manner of distributing water to and upon the land should rest entirely with the irrigation company or its manager, who should determine the most efficient and economical distribution, the company or its manager having entire control of the canal and water supply, and to be the sole judge as to when water should be furnished. *Held*, that if the irrigation company or its manager in good faith supplied to the crop all water deemed necessary by it or its manager to grow the crop, and kept such water upon the crop for such a time and in such quantities as the company or its manager in good faith and sound judgment deemed reasonably necessary to produce a reasonable and average yield upon the land, and there was no want of ordinary care on the company's part in determining what amount of water it considered necessary to such purposes, the lessee could not recover for a lack of water furnished, though he did not receive sufficient to make a full or average yield on the land, but the matter was not committed to the arbitrary, uncontrolled judgment and discretion of the company or agent, but if sufficient water to make a full average yield was not furnished, and it was apparent to the company or its manager that such crop was needing water, and, in spite thereof, it failed or refused to furnish the required quantity, the company could not shield itself from liability for damage to the crop from its lack of water.

[Ed. Note.—For other cases, see Waters and Water Courses, Dec. Dig. § 261.*]

2. WATERS AND WATER COURSES (§ 263*)—IRRIGATION CONTRACTS—BREACH—ACTION—EVIDENCE.

In an action to recover against an irrigation company for failure to furnish water under a contract resulting in damage to plaintiff's crop of rice, evidence *held* to show that the crop for the year was short one-third of a sack per acre.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 324; Dec. Dig. § 263.*]

3. WATERS AND WATER COURSES (§ 261*)—IRRIGATION—BREACH OF CONTRACT—ESTOPPEL BY CONDUCT.

Where one leased land from an irrigation company, the contract especially providing that each party should be the owner in fee simple of one-half of the crop, and that the company should furnish irrigation water for the crop, the lessee by dividing the crop and giving the lessor one-half was not estopped from claiming damages from the lessor for breach of the contract to furnish water; no such intent appearing from the contract.

[Ed. Note.—For other cases, see Waters and Water Courses, Dec. Dig. § 261.*]

4. APPEAL AND ERROR (§§ 917, 518*)—REVIEW—PRESUMPTIONS—WAIVER OF SPECIAL EXCEPTIONS IN PLEADINGS.

Special exceptions in pleadings not acted upon by the court will be presumed to have been waived except in case of a general demurrer, and, to show that such special exceptions were acted upon, such action must be shown either by the final judgment or by some order made and entered during progress of the case, and it cannot be done by marking on the pleadings containing such special exceptions the word "sustained" or "overruled."

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3706–3709; Dec. Dig. §§ 917, 518.*]

5. CONTRACTS (§ 345*) — PLEADING—TERMS AND VALIDITY OF CONTRACT.

Where plaintiff sued for breach of a water contract, and alleged that such contract embraced the entire contract between the parties, attaching it as an exhibit to his pleadings, and made no objection to the provisions of the water contract, and the answer set up a rent contract between the parties with an averment that both the rent contract and the water contract constituted the entire contract between the parties, whereupon plaintiff set up by supplemental petition that the execution of the water contract was procured by duress, and that all the conditions thereof tending to limit the liability of defendant were void, plaintiff did not abandon the water contract upon which alone he had based his action, so as to plead himself out of court, but merely accepted the case made by the answer with the condition that the provisions in the water contract were not binding upon him because extorted by duress.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 345.*]

6. APPEAL AND ERROR (§ 730*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

An assignment of error complaining of the refusal to give a special instruction which merely states that the charge "was intended to instruct the jury that the defendant was not responsible if the damage, if any, was due to inevitable accident," is insufficient; the court being unable therefrom to determine whether the charge was such a one as should have been given, even if the evidence had presented the issue.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3013–3016; Dec. Dig. § 730.*]

Appeal from District Court, Jefferson County; L. B. Hightower, Jr., Judge.

Action by Thomas Gregory against the Beaumont Irrigating Company. Judgment for plaintiff, and defendant appeals. Affirmed.

A. D. Lipscomb and C. E. Caruthers, for appellant. D. H. Hardy and Smith & Fleming, for appellee.

REESE, J. Thomas Gregory brings this action against the Beaumont Irrigating Company to recover damages for breach of contract to furnish sufficient water properly to irrigate his rice crop on 320 acres of land.

It was alleged that plaintiff and defendant had entered into a written contract, a copy of which is attached as an exhibit to the petition, whereby defendant had agreed for the consideration recited to furnish a sufficient supply of water for his crop of rice on the 320 acres of land for the year 1907, that defendant had not complied with such contract, and that as a proximate consequence thereof plaintiff's crop had suffered and been damaged for want of water in a

large amount, being the difference in the amount and value of the crop he did make, and that which he would have made if water had been supplied in compliance with the contract. The damages claimed are laid at $5,452.37. No reference is made in the petition to any other contract than the one attached as an exhibit to the petition. Defendant in its answer alleged that the written contract sued on was only a part of the contract between the parties, that defendant had rented the 320 acres of land to plaintiff for the year 1907, and had entered into a written contract of rental, a copy of which was attached as an exhibit to the petition, which contained the following recital: "Party of the first part shall furnish and deliver to party of the second part at its warehouse at Pine Island station in Jefferson county, Tex., a sufficient quantity of seed to sow the above-described land in rice one time, and shall furnish the necessary water to properly irrigate the said lands for rice culture, after the rice is up and growing, in accordance with the water contract hereunto attached, made a part of and marked 'Exhibit A,' and it is mutually understood and agreed that said Exhibit A shall be construed with and a part of this lease, and both parties are bound by its provisions." It was alleged that the written contract set up in plaintiff's petition was the water contract referred to in the rental contract.

Defendant also made several special exceptions in addition to the general demurrer, none of which appear to have been acted on, denied generally, and pleaded that, if there was any failure to furnish water as agreed upon, the same was due to unavoidable accident caused by its pumping plant having been submerged and put out of business by an unprecedented rainfall, and the failure to exercise ordinary care by plaintiff to preserve all the water within his levees. To this answer plaintiff replied by a supplemental petition, wherein it is alleged that the water contract sued upon and the rental contract were not the same or contemporaneous contracts, but it is alleged that plaintiff had been farming the land, under lease from defendant, during the years 1905 and 1906, and at the beginning of the year 1907 they entered into the rental contract whereby it was stipulated that plaintiff was to remain in possession of the land under the terms of said lease contract, and was to farm the land, and defendant was to furnish land, seed, and water, and the crop was to be equally divided; that after plaintiff had plowed the land, and while he was planting the rice, the defendant presented to him the water contract which was signed by him under duress, as otherwise he would have been unable to procure water, and his expenditures in preparing to make the crop would have been lost. As a consequence of this, it was averred that all of the conditions, terms, and agreements in the water

contract which tend to limit the liability of defendant, and every clause, condition, and stipulation thereof, except that defendant was to furnish sufficient supply of water, were void. To this supplemental petition defendant filed a supplemental answer, excepting to the same on the ground that plaintiff thereby seeks to annul the contract on which alone his petition is founded, and further alleging that the water contract referred to, while not in fact attached to the rental contract as recited therein, is the contract referred to in the rental contract "as the water contract hereto attached," and embodies the agreement of the parties as to water, entered into at the time of the making of the rental contract.

The only further pleading to which it is necessary to refer is a paper filed by plaintiff called a trial amendment, setting up, in substance, that defendant arbitrarily and intentionally and for the purpose of discriminating against plaintiff refused to furnish water, and that such refusal was not because defendant thought, in the exercise of its judgment, or the judgment of its agents, that the crop did not need water. This trial amendment was excepted to, but neither by the final judgment nor by any order made in the case by the court is it made to appear that this or any of the exceptions to pleadings by either party were acted upon.

A trial with a jury resulted in a verdict and judgment for plaintiff for $300, with interest from January 1, 1908. Defendant made a motion for a new trial, which was overruled, and it brings the case to this court by appeal.

From the evidence in the record we find the following conclusions of fact:

Appellee rented from appellant for the years 1905, 1906, and 1907 the 320 acres of land referred to in the pleadings. About the first of 1907, the parties entered into a written contract, by the terms of which appellant rented to appellee for that year the said 320 acres of land. The contract contained the stipulation with regard to water and seed to plant the land hereinbefore quoted. Appellee was to build, maintain, and keep in repair all levees in and around the land at the places where they shall be located by appellant's engineer, and was properly to plow and prepare the land, and cultivate and harvest the crop, and deliver to appellant one-half of the crop, properly sacked, appellant to pay for one-half of the sacks and one-half of the threshing charges. The parties were each to be the owner in fee simple of one-half of the crop. This was the contract attached to appellant's answer. Some two or three months after the execution of this contract the parties executed the water contract attached to appellee's petition, which contained many stipulations with regard to the furnishing of water for the rice crop by appellant, and for certain

things to be done by appellee, which are not material to the determination of this appeal. By the terms of this contract appellant was to furnish a sufficient quantity of water in its canal for the irrigation of the rice crop during the year. Appellant was to use due diligence to furnish the water, but in case of any injury to its canal, or accident to its machinery, it should not be responsible for failure to furnish water resulting therefrom, and it was provided that appellee's damages for failure to furnish water should not exceed $3 per acre. The contract contained the following stipulation: "The manner of distributing water to, on, and upon the land and premises of said second party is to rest entirely with the company, or its manager, who is to determine the most efficient and economical distribution thereof. And it is well understood and agreed by the said company and the said second party that the company or its manager has absolute and entire control of the canal, flumes, and water supply, and is to be the sole judge as to when the same shall be furnished." There were various stipulations as to the manner of cultivating the crop by appellee not material to be here set out.

When this contract was presented to appellee for his signature, he had done some work in the way of plowing and preparing the land for the crop. If he had refused to sign this contract, he would not have been able to get water. This contract is identical with the contract under which appellee had rented the land during the years 1905 and 1906, and was in all respects such a contract as he understood would be made for the water as referred to in the rental contract as Exhibit A to be attached thereto. When it was presented to appellee to sign, he understood it to be the contract referred to in the rental contract, and accepted and signed it as such without objection or protest. These last facts were shown by the testimony of appellee himself. About the 1st of June there was an unprecedented rainfall, whereby the pumping plant was inundated, and could not be operated, and it so continued for a week, but this accident had nothing to do with the failure to furnish water of which appellee complains, which occurred after the plant had fully recovered from the effects of this accident.

The evidence is sufficient to support the finding of the jury that appellant had failed to comply with its contract to furnish water, and had not in good faith furnished water at such times and in such quantities as it was apparent was required under the provisions of the contract with regard to the supplying of the water according to the judgment of appellant, as herein quoted. We further find that by reason of such failure the rice crop was damaged to the extent of the amount found by the verdict.

[1] By its first assignment of error, appellant contends that the undisputed evidence establishes that it complied with its contract to furnish water, and wholly fails to show any abuse of the discretion given by the terms of the contract referred to. Upon this issue the trial court charged the jury as follows: "You are further instructed that said contract between the parties provides that the defendant, or its manager, shall have the right to determine the most efficient and economical distribution of water that should be furnished to the plaintiff, and that the defendant should be the sole judge as to when the same should be furnished, and, as to this provision of the contract, you are instructed as follows: If you believe from the evidence that the defendant, or its manager, did in good faith supply to the plaintiff's rice crop all water by it or its manager deemed necessary to grow and irrigate plaintiff's said rice crop, and kept said water upon said rice crop for such length of time and in such quantities as defendant, or its manager, in the exercise of good faith and sound judgment deemed reasonably necessary to grow and irrigate and produce a reasonable and average yield of rice upon said land, and that there was no want of ordinary care on the part of the defendant, or its manager, in determining what amount of water it considered necessary for such purposes, then you will find for the defendant, even though you should believe as a matter of fact that the plaintiff did not receive water sufficient to make a full and average yield of rice on said land; on the other hand, if you shall believe from the evidence that sufficient water for said purposes was not furnished and kept upon said land to grow and irrigate an average rice crop, and that it was apparent to defendant, or its manager, that said rice crop of plaintiff was needing or suffering from water, as alleged by plaintiff, and that, notwithstanding such knowledge on the part of defendant's manager, it failed or refused to furnish the required quantity of water on said rice and to keep the same there in sufficient quantities and for sufficient length of time to enable plaintiff to produce an average yield of rice on said land, then you are instructed that the provision of the contract wherein it is left to the judgment of defendant or its manager as to what quantity of water should be furnished plaintiff in growing said crop would not be binding upon the plaintiff, and, under such circumstances, the defendant could not shield itself from liability in the event that plaintiff's said crop was damaged in consequence of its failure to have water." This charge properly presented the issue. The evidence was sufficient to show that at a time when water was vital to the growing crop, and when appellant had plenty of water for all purposes, the crop was allowed to be without a sufficient supply of water, and was suf-

fering therefrom, and that this condition was apparent and obvious, and must have been known by appellant's manager. Under such conditions, appellant will not be allowed to say that in the judgment of its agent there was no need for more water than was furnished. This matter was not committed by the provisions of the contract to the arbitrary and uncontrolled judgment and discretion of appellant's agent, but he was required to exercise such judgment in a reasonable manner and in good faith. Any other view would have placed appellee at the mercy of appellant, and dependent for his water supply, not upon the judgment and discretion of appellant's agents, but upon their arbitrary will. This would have practically nullified or placed it in the power of appellant to nullify the obligations of the contract to furnish water. This holding is entirely consistent with the doctrine announced by this court in Kelly v. Corrington, 105 S. W. 1155. The assignment of error referred to must be overruled.

It is contended by the second assignment of error that the undisputed evidence showed that appellee made an average crop of rice, and was therefore not damaged by any failure to furnish water by appellant

[2] One of appellant's witnesses testified that an average yield that year would be about nine sacks per acre, and another that such yield would have been ten sacks per acre. On 50 acres of his land appellee made 684 sacks, or an average of over 13 sacks, and on the remainder of the 300 acres cultivated he made 1,880 sacks, or an average of 7½ sacks. He made, according to appellant's testimony, an average crop of about 8¼ sacks per acre on the 300 acres, which was all that was planted. The amount of the verdict—$300—at the price of rice shown, about $3 per sack, represented a shortage of about 100 sacks, or one-third of a sack per acre. This result is amply supported by the evidence.

[3] There is no merit in the third assignment that by dividing the crop and giving to appellant its one-half appellee is estopped to claim damages in this suit for breach of the water contract. The contract expressly provides that each party shall be the owner in fee simple of his one-half. By the division and turning over to appellant of its one-half, neither party waived the damages resulting from the breach of the contract by the other, unless it be shown that it was so intended. The evidence does not indicate any such intention by either party.

[4] Appellant by its sixth assignment of error complains of the action of the court in overruling its third special exception to appellee's petition complaining of the general statement in the petition that what was required to be done by appellee in the contract, and was not so performed, was waived by appellant. It is an insuperable objection to this assignment that it does not appear that any action of the court was had or was invoked upon this or any of the various exceptions set out in the answer. The rule is well settled that special exceptions in pleadings not acted upon by the court will be presumed to have been waived. Railway v. Barnett, 12 Tex. Civ. App. 321, 34 S. W. 139. This does not apply to a general demurrer. Holman v. Criswell, 13 Tex. 44; Grant v. Whittlesey, 42 Tex. 322. In order to show that such special exceptions were acted upon, such action must be shown either by the final judgment or by some order made and entered during the progress of the case. It cannot be done by marking on the pleadings, containing such special exceptions, "sustained" or "overruled." The only way appellant seeks to show that the special exception referred to was overruled is that one of the special exceptions, as shown by the copy thereof in the transcript, is followed by the word "sustained," and that, as no such notation is made on the other special exceptions, we must presume that they were all, including the one in question, overruled. A judgment or order of the court upon special exceptions cannot be thus shown. As the special exception referred to does not appear to have been brought to the attention of the court and acted upon, the assignment is overruled.

[5] We gather from the tenth assignment of error that appellant requested the court to instruct the jury to return a verdict for the defendant, which was refused, and appellant makes the contention that this charge should have been given, on the ground that appellee by suing on the water contract alone, and afterwards seeking to abandon the same by his supplemental petition, had, as it were, pleaded himself out of court. There is no question that the case presents some rather anomalous features of pleading. Appellee sued for breach of the water contract as if that paper embraced the entire contract, attached it as an exhibit to his pleadings, and made no reference to the rental contract and no objection to any of the provisions of the water contract. Upon the filing of the answer, setting up the rent contract with an averment that both instruments constituted the contract, appellee then set up by supplemental petition that the execution of the water contract upon which alone his original petition was based was procured by duress (which fact, however, he testified in substance was not true), and that all the conditions of the water contract tending to limit the liability of appellant, etc., were void. It can hardly be said that by this pleading appellee sought to repudiate the water contract entirely. Rather he sought to be relieved from certain obnoxious conditions thereof. We think that the pleadings of both parties place the case before the court upon both instruments, with appellee's plea

as to duress, and that, on account thereof, the obnoxious conditions of the water contract were void. This is the view of the case taken by the trial court, and we are inclined to think it is correct. It is true that the case presented by the original petition is fatally variant from that made by the evidence, but we are inclined to think that by his supplemental petition appellee, in a very awkward, inconsistent, and illogical way, it is true, accepted the case made by the answer, with the condition that the conditions in the water contract were not binding upon him, because extorted by duress. The assignment is overruled.

[6] The fourteenth assignment of error, which complains of the refusal of the court to give a special instruction, is defective, in that the statement as to the charge in the assignment and statement taken together is not sufficient to enable us to determine whether it was such a charge as should have been given, even if the evidence had presented the issue. A bare statement that the charge "was intended to instruct the jury that the defendant was not responsible if the damage, if any, was due to inevitable accident," is not sufficient to suggest even that the charge was such as should have been given. The court explained the refusal to give the charge by the statement that there was nothing in the evidence to raise the issue, and in this it was correct. There was, it is true, evidence that at one time, on account of an unprecedented rainfall, the pumping station had been flooded, and in consequence the pumps could not be operated, but the evidence further shows that the deficiency of the water supply of which appellee complains occurred after this, and the accident had nothing to do with it.

This disposes of all of the assignments of error, and of the several propositions thereunder, none of which presents any error authorizing a reversal of the judgment. The case was presented to the jury in a charge exceptionally clear and comprehensive, and the evidence supports the verdict.

Appellee presents certain cross-assignments of error, which are his only reply to the assignments of error presented by appellant. Under the four cross-assignments appellee presents several propositions, in substance, that the contract was one of rental under which appellant was required "to furnish the necessary water to properly irrigate said land in rice culture," without limitation of appellee's statutory and contractual obligations, and that the limitations upon such obligation in the water contract were without binding force because (a) the water contract was no part of the agreement; (b) it was executed under "the most repulsive form of duress"; (c) it was the duty of the court to instruct the jury on the question of duress, whereas it instructed them that the

rent contract and water contract constituted one instrument. The testimony of appellee himself, heretofore referred to, is a complete answer to these propositions. He testified that he had been renting land from appellant several years, that he was always required to sign a water contract like this one, and that, when the water contract was presented to him, he "accepted that water contract as a compliance with the lease contract," and that he made no protest. The evidence conclusively shows that this water contract, although not attached as an exhibit to the rent contract, and executed afterwards, was in form and substance the contract that was intended by both parties should be made a part of the agreement. There is no merit in the cross-assignments, and they are overruled.

We find no error, and the judgment is affirmed.

Affirmed.