## TROTTI v. KINNEAR.

(Court of Civil Appeals of Texas. Galveston. Jan. 20, 1912. Rehearing Denied Feb. 15, 1912.)

1. APPEAL AND ERROR (§ 337*)—TIME TO APPEAL—RENDITION OF JUDGMENT.

An appeal from a judgment cannot be prosecuted until the judgment has been actually entered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1877; Dec. Dig. § 337.*]

2. APPEAL AND ERROR (§ 293*)—QUESTIONS REVIEWABLE — RULINGS ON EXCEPTIONS — PETITION—RECORD.

An assignment of error attacking a judgment nunc pro tunc for error in overruling general and special exceptions to the petition will be considered on appeal, in the absence of a motion for a new trial; but the statement of facts will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1700–1706; Dec. Dig. § 293.*]

3. JUDGMENT (§ 273*) — ENTRY NUNC PRO TUNC—POWER OF COURT.

The court has inherent power to enter judgment nunc pro tunc, and in the absence of an express statute the time within which it may exercise the power is not limited; but entries may not prejudice the rights of third persons without notice of the original judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 525–541; Dec. Dig. § 273.*]

4. JUDGMENT (§ 273*) — NUNC PRO TUNC — TIME TO ENTER.

A delay of over two years in moving for a nunc pro tunc judgment as of the date of its rendition does not prevent the court from granting the relief, where the failure to enter the judgment was due to the negligence or inadvertence of the clerk, and where there were no laches on the part of the successful party, and where no rights of third persons could be affected.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 525–541; Dec. Dig. § 273.*]

5. JUDGMENT (§ 273*) — NUNC PRO TUNC — EVIDENCE—RECORD.

An entry on the judge's docket of the term at which a judgment is claimed to have been rendered, which gives the date, and which states that the parties were ready, that a jury

was impaneled and sworn, and that verdict for plaintiff for a specified sum was rendered and judgment accordingly, is sufficient to authorize the entry of a judgment nunc pro tunc.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 273.*]

6. JUDGMENT (§ 273*)—NUNC PRO TUNC—NEGLIGENCE OF SUCCESSFUL PARTY.

Where the court on a motion for a nunc pro tunc judgment, filed over two years after the rendition of the judgment, found that the failure to enter the judgment at the proper term was due to the inadvertence or negligence of the clerk, the court on appeal from a nunc pro tunc judgment would not determine from the mere fact that the judgment was not entered at the proper term that the successful party was negligent, and that the relief should not have been granted; the evidence on the point of negligence not being in the record.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 273.*]

7. APPEAL AND ERROR (§ 242*)—EXCEPTIONS IN LOWER COURT—RULING—WAIVER.

Where the court took no action on special exceptions to the petition, the exceptions will be deemed waived.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1420; Dec. Dig. § 242.*]

8. APPEAL AND ERROR (§ 725*)—ASSIGNMENTS OF ERROR—REQUISITES.

An assignment of error to the overruling of exceptions to the petition cannot be supported by evidence introduced, as shown by the statement of facts, where the assignment does not show the allegations of the petition and the nature of the exceptions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3002–3005; Dec. Dig. § 725.*]

Appeal from District Court, Jasper County; W. B. Powell, Judge.

Action by J. B. Kinnear against W. E. Trotti. From a judgment for plaintiff, defendant appeals. Affirmed.

W. W. Blake and Roi Blake, for appellant. Fortenberry & Lee and Forse & Wigley, for appellee.

REESE, J. On June 10, 1908, J. B. Kinnear recovered a judgment against W. E. Trotti in the district court of Jasper county for $1,717.26. No entry of the judgment was made in the minutes of the court. On December 30, 1910, Kinnear filed a motion in said court to have this judgment entered nunc pro tunc as of the date of its rendition, setting up the fact of its rendition, and that the clerk, through negligence or inadvertence, failed to enter the judgment in the minutes, without fault of plaintiff, and that it is impossible to set out an exact copy of the judgment so rendered, but, in lieu thereof, a substantial copy is attached to the petition or motion for such entry nunc pro tunc.

Defendant, Trotti, who had been duly cited, appeared and contested such motion on the following grounds: First. That no sufficient notice had been given. Second. By general demurrer and special exception that the motion was insufficient to substitute lost papers, and showed no sufficient grounds for entry nunc pro tunc; that the same failed to show, on the face of the motion, that verdict and judgment were in fact rendered. Defendant further answered by general denial, and specially that the judgment, if one was ever rendered, was rendered 2½ years before the filing of the motion, and that the same was long since dormant; that the failure to enter said judgment, if any was in fact rendered, was by the gross and inexcusable negligence of plaintiff, and he prayed that the motion be dismissed. This answer was filed December 20, 1910. On December 31, 1910, the following judgment on this motion was duly made and entered:

"In the District Court of Jasper County, Texas, December 31, A. D. 1910. J. B. Kinnear v. W. E. Trotti. No 1,165. On this day came on to be heard the plaintiff's motion to enter judgment nunc pro tunc in the above-entitled and numbered cause, and the defendant's exceptions thereto and his motion to dismiss said motion to enter nunc pro tunc, which exceptions and motion to dismiss being duly considered by the court are hereby overruled, to which action of the court the defendant duly excepts. And it appearing to the court that the said defendant, W. E. Trotti, has been duly served with notice herein, and it further appearing to the court, both from the memory of the judge thereof and from the entry made by said judge on the docket of the court in this said cause, as follows, to wit: '6/10/08. Both parties ready. Jury impaneled and sworn. Verdict in favor of plaintiff for 1717 26/100 dollars, and judgment accordingly'— that the plaintiff recovered a judgment in said cause for the sum of $1,717.26, and all costs in said cause expended, and for execution, against the said W. E. Trotti, and it further appearing that from oversight, negligence, or inadvertence of the clerk of the court that said judgment was never entered on the minutes of the court, it is therefore considered by the court, and so ordered, adjudged, and decreed that judgment be now entered on the minutes of the court in said cause as of the 10th day of June, A. D. 1908, to take effect as of that date, as follows, to wit: In the District Court of Jasper County, Texas, the 10th day of June, A. D. 1908. J. B. Kinnear v. W. E. Trotti. No. 1,165. On this day came the parties in person and by their attorneys, and thereupon came a jury of twelve good and lawful men, who, being duly impaneled and sworn, upon their oaths do say that they find for the plaintiff, and assess his damages at the sum of one thousand seven hundred seventeen and 26/100 dollars ($1,717.26). It is therefore considered and ordered by the court that the said plaintiff, J. B. Kinnear, do have and recover of the said defendant, W. E. Trotti, the sum of one thousand seven hundred seven-

teen and 26/100 dollars ($1,717.26), with interest thereon at the rate of six (6) per centum per annum, together with his costs in this behalf expended and that he have his execution. And that plaintiff pay all costs in this, the motion to enter now for them, expended, to which judgment of the court the defendant then and there, in open court, duly excepts and gives notice of appeal to the Court of Civil Appeals of the First Supreme Judicial District, at Galveston, Texas, and the statutory time is hereby granted in which to make up and file statement of facts and bills of exception in this cause."

This appeal is prosecuted by defendant, Trotti, from this judgment. We find in the record a statement of facts, duly signed and approved, of the facts in the original case, filed in the district court, July 27, 1908. There is no statement of facts showing what evidence was heard in the trial of the motion.

[1, 2] We are met, in limine, by a motion of appellee to dismiss so much of the appeal as relates to the original judgment actually rendered, but not entered, on the ground that appellant (defendant in the court below) made no motion for a new trial from the original judgment, gave no notice of appeal therefrom, and filed no assignment of errors. This motion must be overruled. Appellant could not have prosecuted an appeal from the judgment until it was entered, and until that was done notice of appeal and assignment of error would have been futile. In the absence from the record of a judgment, any appeal prosecuted by him would have been dismissed for want of jurisdiction in this court. Lane v. Ellinger, 32 Tex. 370; T. & N. O. R. R. Co. v. Tram & Lumber Co., 50 Tex. Civ. App. 182, 110 S. W. 140. The absence of a motion for a new trial, while it would prevent a revision of the judgment on the facts, as the case was tried with a jury, would not be ground for a dismissal of the appeal. As appellant, in his assignment of errors presented in his brief, attacks the original judgment only for errors in overruling his exceptions, general and special, to plaintiff's petition, the statement of facts will not be considered, and the absence of a motion for a new trial is not material.

[3, 4] By this first assignment of error, appellant complains of the action of the court in overruling his exceptions, general and special, to the motion to enter nunc pro tunc, and in sustaining the motion. We are not enlightened by the statement under the assignment as to the grounds of these exceptions, nor, in fact, that any such exceptions were made; but the judgment on the motion, which has been heretofore set out in full, shows that appellant's exceptions and his motion to dismiss were overruled. It is contended by appellant in his proposition under the assignment that a judgment can be entered nunc pro tunc only at the succeeding term after rendition, and cannot be so entered after the judgment becomes dormant. The judgment was rendered June 10, 1908, and the original motion is stated to have been filed December 13, 1910. The right to have entered nunc pro tunc a judgment once rendered, but not entered during the term, is not regulated by statute, and we must look elsewhere for the rule governing such cases. The case of Lane v. Ellinger, 32 Tex. 370, cited by appellant, does not support his contention, but the contrary. It is stated in the opinion that, "so long as the proceedings were in fieri [in which condition they were until final judgment], the power of the court, at common law, to make entry nunc pro tunc was unquestionable." The context shows that by "final judgment" the court meant the entry of the judgment, and this is the doctrine of the. common law, as stated. The case of Calloway v. Nichols, 47 Tex. 330, cited by appellant, also fails to support his contention. That was an action of trespass to try title in the district court, and a motion was made in that court to have entered nunc pro tunc a judgment of the probate court, approving the sale of land at an administrator's sale. All that is said in the opinion is that the district court did not err in overruling the motion to enter nunc pro tunc. The reason for the ruling, though not stated, is obvious. Such entry could properly have been made only by the court in which the judgment was rendered. The law upon this subject is thus stated in Encyclopædia of Pleading and Practice (volume 18, pp. 458, 459): "The power to enter judgment nunc pro tunc (in the common use of term) has been possessed by courts from the earliest times. * * * This power is inherent in the court, and is not the creation of statute. In the absence of an express statute, the time within which the court may exercise this power is not limited."

In a note to the text, the following cases are cited: Nabers v. Meredith, 67 Ala. 333; Fuller v. Stebbins, 49 Iowa, 376; Long v. Long, 85 N. C. 415; Donne v. Lewis, 11 Vesey, Jr., 601; Lawrence v. Richmond, 1 Jac. & W. 241.

In the cited cases of Fuller v. Stebbins, the court says: "Courts possess the inherent authority to enter judgment nunc pro tunc, and lapse of time will not bar its exercise. Such power is not taken away, nor is the time within which it may be exercised affected by the provisions of the statute with regard to proceedings to correct mistakes in the proceedings of the clerk. Therefore, where the judgment had in fact been rendered by the court as shown by the minutes in the judge's calendar, but had not been entered up by the clerk, a motion three years and six months afterwards for the entry of judgment nunc pro tunc was proper."

In Risser v. Martin, 86 Iowa, 392, 53 N. W. 270, it was held that the statute of lim-

itations has no application with regard to the court's exercise of its right to enter judgments nunc pro tunc. Burnett v. State, 14 Tex. 456, 65 Am. Dec. 131. It is further said, however, that such entries will not be allowed to prejudice the rights of third parties who are without notice of the original judgment. 18 Ency. Pl. & Pr. 466.

"In proceedings to obtain entry of a judgment nunc pro tunc, no pleadings are required; nor can the sufficiency of a motion for this purpose be tested by demurrer on motion to strike out. The entry of a judgment nunc pro tunc may be ordered by the court of its own motion." Id. 469.

While the delay in making the motion in this case is rather extraordinary, the court in its judgment finds that the failure to enter was due to the oversight, negligence, or inadvertence of the clerk, and we must assume, in favor of the judgment on the motion, that there was no laches on the part of appellee, such as would bar him of the right to have the entry made. No rights of third parties can be affected. The fact that the judgment was dormant, when entered, if in fact this be the result, cannot, we think, affect appellee's right. It is not disputed by appellant, nor could it be, that the judgment was in fact rendered, as claimed by appellee. The assignment must be overruled.

[5] Under the third assignment of error, appellant presents the contention that there was not sufficient evidence of the rendition of the judgment to authorize the entry nunc pro tunc. It is shown that on the judge's docket of the term at which the judgment is claimed to have been rendered there appears the following entry: "6/10/08. Both parties ready. Jury impaneled and sworn. Verdict in favor of plaintiff for $1,717.26, and judgment accordingly." This docket entry was made in this case. The court bases its judgment or order on this entry and upon the memory of the judge, who, it is to be presumed, is the same judge who tried the case. We think this was amply sufficient to authorize the entry nunc pro tunc. The docket was a record of the court. The entries therein were made by the judge himself, and are the highest evidence of any action taken in the case. The docket entry here leaves nothing to 'conjecture. Everything essential to a proper judgment is shown. 18 Ency. Pl. & Pr. 468; Camoron v. Thurmond, 56 Tex. 28; Blum v. Neilson, 59 Tex. 380; Railway Co. v. Roberts, 98 Tex. 46, 81 S. W. 25.

[6] It is further contended by appellant that the pleadings and proof show that the failure to have the judgment entered at the proper term was due to the .negligence of appellee; and therefore the motion to enter nunc pro tunc should not have been granted. We are not advised as to the evidence on this point, and the charge of negligence must be determined from the naked fact that the judgment was not entered at the proper term. The court finds that it was due to the inadvertence or negligence of the clerk. Certainly a careful attorney will see that judgments obtained by him are properly entered; but this is true in every case, and a strict application of this rule, as a bar to the relief of entry nunc pro tunc, would deny such relief in any case. We are not disposed to hold that this rule should be applied in the present case.

[7] By the fourth assignment, appellant complains of the action of the court on the trial of the original suit in overruling his exceptions, general and special, to plaintiff's petition. It does not appear that the court took any action on the general demurrer or the special exceptions, and in such case it is well established that, so far at least as concerns the special exceptions, the same will be considered as waived. Railway v. Barnett, 12 Tex. Civ. App. 321, 34 S. W. 139; Chambers v. Ker, 6 Tex. Civ. App. 373, 24 S. W. 1118.

[8] It is a further objection to this assignment that the statements from the record are altogether insufficient to apprise this court as to the allegations of the petition and the nature of the exceptions to enable us to pass intelligently upon them. Appellant seems to rely to some extent, as we gather from the statements under the several propositions following the assignment, upon the evidence introduced, as shown by the statement of facts, to support the assignment. Obviously this cannot be done. We have read the petition carefully in the light of the exceptions; and, while the assignment cannot properly be considered for the reason indicated, if so considered, it would be overruled. Appellee does not allege a full performance on his part of the contract; but he does allege facts which, if true, fully justified him in his failure to do so.

None of the assignments of error and propositions thereunder present any ground of reversal, and they are severally overruled, and the judgment is affirmed.

Affirmed.