BURNETTE v. MIRACLE et al. (No. 2018.)

Court of Civil Appeals of Texas. El Paso. May 12, 1927.

1. Appeal and error ⟐134(1)—Appeal will not lie from judgment not entered on minutes.

Appeal will not lie from judgment rendered, but not entered on minutes, and appellate court has no jurisdiction of appeal so attempted.

2. Appeal and error ⟐347(3)—Right of appeal dates from entry of judgment nunc pro tunc.

Right of appeal dates from entry at subsequent term of judgment nunc pro tunc.

3. Appeal and error ⟐337(2)—Appeal bond filed before entry of judgment nunc pro tunc was insufficient to confer jurisdiction on Court of Civil Appeals.

Appeal bond filed before entry of judgment nunc pro tunc was prematurely filed and insufficient to confer jurisdiction on Court of Civil Appeals of judgment nunc pro tunc.

Appeal from District Court, Dallas County; T. A. Work, Judge.

Action by W. L. Burnette against William E. Miracle and others. Judgment for defendants, and plaintiff appeals. Appeal dismissed.

R. J. Dixon and Church, Read & Bane, all of Dallas, for appellant.

Thompson, Knight, Baker & Harris, Frank R. Guinn, W. H. Reid, and John W. George, all of Dallas, for appellees.

PELPHREY, C. J. This is an action in trespass to try title by appellant, Burnette, against appellee Miracle and others. This case was tried and verdict returned at a term of the Sixty-Eighth district court which ad-journed April 3, 1926. On April 30, 1926, appellant's amended motion for new trial was overruled and order to that effect entered upon the minutes on the same date. At that time appellant gave notice of appeal as shown by the order. On May 15, 1926, appellant filed his appeal bond. On June 15, 1926, appellee Miracle filed motion, setting up that, by inadvertence or mistake, the judgment in his favor theretofore rendered by the court had not been entered on the minutes, and prayed the entry of judgment in his favor nunc pro tunc. This motion was granted and on August 13, 1926, judgment entered nunc pro tunc.

[1, 2] It is well settled that an appeal will not lie from a judgment rendered, but not entered upon the minutes. The appellate court has no jurisdiction of an appeal so attempted. Lane v. Ellinger, 32 Tex. 370; Trotti v. Kinnear (Tex. Civ. App.) 144 S. W. 326; Railway Co. v. Tram & Lumber Co., 50 Tex. Civ. App. 182, 110 S. W. 140. The right of appeal dates from the entry at a subsequent term of the judgment nunc pro tunc. Palmo v. S. W. Slayden & Co., 100 Tex. 13, 92 S. W. 796; Id. (Tex. Sup.) 92 S. W. 1167; Bassett v. Mills, 89 Tex. 162, 34 S. W. 93; Henry v. Boulter, 26 Tex. Civ. App. 387, 63 S. W. 1056.

[3] In the present case the appeal bond was filed long before the entry of the judgment nunc pro tunc. It was prematurely filed and was insufficient to confer jurisdiction upon the Court of Civil Appeals of the judgment nunc pro tunc subsequently rendered and entered upon the minutes. Shields v. Amicable Life Ins. Co. (Tex. Civ. App.) 287 S. W. 293; Cooper v. Carter (Tex. Civ. App.) 233 S. W. 1020; Stinnett v. Dudley (Tex. Civ. App.) 277 S. W. 801; Railway Co. v. Atlantic, etc. (Tex. Civ. App.) 184 S. W. 294.

For the reason stated, this appeal must be dismissed for want of jurisdiction.

Dismissed.